##### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF MERRIMACK, JANUARY TERM,

## A. D. 1828.

### LUTHER ROBY *versus* W. WEST *et a.*

When a statute inflicts a penalty for the doing of a particular act, that act is by implication prohibited and illegal.

When a statute makes an act illegal, when done, no subsequent repeal of the statute can make it valid.

When an illegal contract is made between parties who are in *pari delicto*, the contract is void, and neither party can maintain any action which requires for its support the aid of such illegal contract. Where A. & W. employed R. to sell for them on commission tickets in a lottery not authorised by law, under an agreement that R. should be considered as the purchaser of all the tickets he did not sell or return by a particular day, it was held that although the purchase of the tickets by R. was not illegal, yet as the agreement with respect to the purchase was only a part of an entire contract, which was illegal, the whole was void.

TROVER for three tickets in the grand state lottery in Rhode Island, one of which had drawn a prize of $500.

At the trial of the cause here upon the general issue at August term, 1827, it appeared in evidence, that the defendants purchased the said tickets, with others, in Massachusetts, and delivered them to the plaintiff to sell for them on commission ; and that the said tickets remained in the possession of the plaintiff unsold after the 16th September, 1826, when the lottery was drawn.

It further appeared, that after the drawing of the lottery, and after the defendants had received a list of the

prizes, they obtained from the plaintiff the said tickets and refused to restore them.

The plaintiff introduced testimony, tending to prove, that when he received the tickets of the defendants, it was stipulated, that he should return the unsold tickets before the day of drawing the lottery ; otherwise they were to be at his risk, and he was to be accountable for the price of them.

The plaintiff also introduced testimony, tending to prove that after the time for returning the unsold tickets, as above stated, had elapsed, he proposed to the defendants to return the said tickets mentioned in the plaintiff's declaration, but they refused to receive them, stating that it was too late, because the time had expired, within which he had a right to return them ; that they were retained at his risk, and that he must be accountable for the price of them.

The court instructed the jury, that if they believed that the defendants delivered the tickets to the plaintiff to sell for them, and to be accountable to them for those unsold and not returned before the day of drawing the lottery, the right and property in the tickets so unsold and not returned, became vested in the plaintiff, and that he was entitled to recover the value of them in this action.

The jury having returned a verdict for the plaintiff, the defendants moved for a new trial, on the ground that the jury were misdirected, because by the laws of this state, any sale of such tickets is prohibited and void.

*M. Kent,* for the defendants.

*S. Fletcher.* for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended in this case, on behalf of the defendants, that the plaintiff's title to the tickets, mentioned in his declaration, rests entirely on the contract of sale, made with him by the defendants, and that contract being contrary to law and void, the plaintiff has failed en-

tirely to show any legal foundation for maintaining an action to recover the value of them.

We shall, in the first place, consider whether the contract of sale made between these parties was illegal ? The statute of June 12, 1807, entitled "an act for the suppression of lotteries," sec. 3, enacts, that if any person or persons shall offer or expose to sale, actually sell or otherwise dispose of to any person in this state any lottery ticket, such person shall forfeit a sum not exceeding three hundred dollars, nor less than ten dollars, for each ticket so exposed to sale, or otherwise disposed of, &c. provided always, that nothing in this act shall be construed to extend to any lottery allowed, or that shall hereafter be allowed, by act or law of the legislature of this state, or of the United States."

That this clause in the statute was intended to prohibit the sale of lottery tickets in this state except in the cases mentioned in the proviso, and that it rendered all sales of tickets not warranted by a law of this state, or of the United States, illegal, is much too clear to admit of a doubt. It is not necessary to render a contract illegal, that it should be expressly so declared by statute. If a penalty be inflicted by statute, that implies a prohibition. 1 Bin. 110, *Mitchell* v. *Smith* ; Carthew, 252.

But the statute of June 12, 1807, is now repealed by the statute of July 7, 1827. This circumstance can have, however no influence upon the decision of this case. Because in the first place, an act made by a statute illegal, is not made good by a subsequent repeal of the statute. 1 H. Bl. 65, *Jaques* v. *Withy.*

And because, in the next place, the repealing act having been passed since the commencement of this action, to construe it to take away any ground of defence, which these defendants may have had under the repealed act, would give it the operation of a retrospective law for the decision of a civil cause, which is prohibited by the constitution. 3 N. H. Rep. 473, *Woart* v. *Winnick.*

We shall, in the next place consider the effect of the illegality of the contract upon its validity.

The statute of June 12, 1807, was copied from a statute upon the same subject passed on the 14th February, 1791, with some variations in the amount of the penalties ; and the last mentioned statute was copied from the Provincial act of the 27 Geo. II. cap. 118, in the preamble of which it is recited, that there had lately been set up within the Province sundry lotteries, which had been and, if tolerated, might be, attended with many evil and pernicious consequences, not only to individuals but also to the public, for remedy whereof the act purports to have been passed.　Prov. Laws, 181.

In an act of the Province of Massachusetts, passed in 1719, lotteries are denounced as mischievous and unlawful games, whereby children and other unwary people had been drawn into a vain and foolish expense of money, which tended to the utter ruin and impoverishment of many families, and was to the reproach of the government and against the common good, trade, welfare and peace of the province, and they are declared to be common nuisances.　Col. & Prov. Laws, 751.

A statute of the state of New York, after reciting that experience has proved that private lotteries occasion idleness and dissipation, and have been productive of frauds and impositions, declares, that every lottery, other than such as shall be authorised by the the legislature, shall be deemed a common and public nuisance. 5 Johns. 333.

From these preambles and enactments, it appears, that the sale of tickets in lotteries has been usually prohibited by statute, not only on general grounds of public policy, but particularly for the protection of the unwary who might otherwise be defrauded and injured by such sales.

It is also worthy of remark, that under our statute now in force, and under all which have preceded it, it is the vender, and not the purchaser of a ticket, who incurs the

forfeiture. It is the sale and not the purchase which is prohibited, and if nothing appeared in the contract between the parties, more than simply a sale of the tickets by the defendants to the plaintiff, we should be induced to pause, before we permitted them to allege the illegality of their own act, for the purpose of enabling them to retain the proceeds of a fortunate ticket, after they had sold it to the plaintiff and induced him to take, and actually run the risk of its proving an unfortunate number. In such a case the parties could not be viewed, perhaps, as in *pari delicto*, and although the vender of a ticket might not be legally entitled to recover the price for which he might have sold it, in a court of justice, it is by no means clear, that the purchaser might not be entitled to recover the value of the ticket in a suit against the vender, when he had obtained possession of it by wrong. Cowper, 197, *Clark* v. *Shee* ; 1 H. Bl. 65, *Jaques* v. *Withy* ; 1 Selw. N. P. 79 ; Doug. 468, *Lowry* v. *Bourdieu* ; 2 W. Bl. 1083, *Jaques* v. *Golightly.*

But the contract between these parties was not a simple contract of sale. The defendants contracted to employ the plaintiff as their agent to sell the tickets upon commission, and he contracted to be thus employed. This is the body of the contract. One of the stipulations was, it is true, that the tickets, which he did not sell, nor return, to the defendants previously to a certain time, should be considered as purchased by the plaintiff. But that stipulation was only part of an entire contract, the main object of which was directly contrary to the statute. The parties stand then in *pari delicto*, and in such a case the illegality of the contract renders it void. This rule of law is founded in good sense and sound reason, and has been illustrated and applied in various adjudged cases, and is now as well settled and established as any principle of law can be. 14 Mass. Rep. 322, *Springfield Bank* v. *Merrick* ; 17 ditto 258, *Wheeler* v. *Russell* ; 1 M. & S. 751, *Exparte Bill.* 7 Taunt. 246, *Simpson* v. *Bloss* ; 5 Johns. 327, *Hunt* v. *Knickerbacker* ; 2 H Bl. 379, *Mitch-*

ell v. *Cockburn* ; 3 Taunt. 6, *Webb* v. *Brooke* ; 3 B. & A. 179, *Canaan* v. *Bryce* ; 11 East, 199, *Law* v. *Hadson* ; 2 B. & P. 371, *Aubert* v. *Maze.*

The principle, that no court shall aid men, who found their cause of action upon illegal acts, is not only a well settled, but a most salutary principle. It is fit and proper, that those who make claims, which rest upon violations of the law should have no right to be assisted by a court of justice. It is fit and proper, that courts should refuse their aid to those who seek to obtain the fruits of an unlawful bargain. It is fit and proper, when parties come into court to litigate claims founded upon illegal contracts, in relation to which they stand in *pari delicto*, that they should be viewed and treated in those transactions as outlaws, who have forfeited the protection of the law ; and it is fit and proper, that they should be left to adjust their unlawful concerns as they can, and enjoy the fruits of their transgressions of the law as they may.

We have considered the question, whether the parts of the contract may be separated and the plaintiff permitted to recover on that part, in which a sale to him is stipulated. But we find it settled, that this cannot be legally done. The plaintiff cannot by law recover, unless he is legally entitled to recover upon the whole case. 6 D. & E. 405, *Booth* v. *Hodgson* ; 2 B. & C. 661, *Card* v. *Hope* ; 1 B. & A. 53, *Holland* v. *Hall.*

It only remains to consider, what effect the illegality of the contract between the parties has upon the plaintiff's right to recover in this case.

It has been settled, that the test, whether a demand connected with an illegal transaction is capable of being enforced at law, is, whether the plaintiff requires any aid from the illegal transaction to establish his case. 7 Taunt. 246, *Simpson* v. *Bloss.*

This rule is easily applied to the case now before us. It is stated, that these defendants bought the tickets in Massachusetts. They were thus once the property of

the defendants, and the plaintiff has shewn no other title to them, than what he derives from the illegal contract : and as he cannot recover without shewing a title to the tickets and no valid title can be founded on that contract, it is perfecly clear that upon the case stated he is not entitled to maintain the action.

Roby<br>v.<br>West et a.

By his own showing he contracted to become a vender of tickets in open violation of the laws of this state ; and although the defendants stand in this respect on no purer ground, than he does, for they contracted with him to violate the law ; yet in relation to this action they stand on very different ground. They are not actors. They seek no protection under the illegal contract. They rest no claim upon it.

It is the plaintiff, who comes into court with this unlawful bargain and who rests his whole cause upon it. It is he who seeks to draw justice from this impure fountain. It is his misfortune, that he happens to be plaintiff in this case. But it is no more than justice to say that according to the finding of the jury the defendants do not seem to have any merits whatever on their side except in the single circumstance, that they are defendants.

What ought in honor to be done between these parties is a question we are not called upon to decide. But neither sound policy, nor the laws of the land, can permit this action to be be sustained.

*Verdict set aside and a new trial granted.*