PRAY *vs.* BURBANK.

The statute of June 15, 1791, provided for the choice of wood measurers, in each town where wood is usually sold by the cord ; and enacted that if any person, in any town where a wood measurer was appointed and sworn, should sell any wood by the cord, which was not measured by a wood measurer, the purchaser and seller should severally forfeit thirty shillings for each cord so sold—*Held,* that a sale within the act was prohibited by implication ; and, being illegal, the seller could not maintain an action to recover the price of the wood.

ASSUMPSIT, upon an account annexed to the writ, for one cord of wood, at $5·00, delivered the defendant, at his residence in Somersworth, June 7, 1837. The action came to the common pleas by appeal from the judgment of a justice of the peace.

Upon the trial, the plaintiff offered evidence tending to show a sale of a load of wood, by himself, to the defendant, at the date of the account. There was about a cord of it. No evidence was offered that the wood was surveyed by any sworn surveyor. It appeared in evidence that surveyors of

wood for the town of Somersworth were duly chosen, and sworn, at the annual town meeting in March, 1837. The defendant contended that a sale of wood, without a survey, under the facts above stated, was void; but the court directed otherwise. A verdict was taken for the plaintiff, and a motion was made by the defendant for a new trial.

*Tebbets*, for the plaintiff, cited 2 *Shepley* 404, *Coombs* vs. *Emery*.

*Hale & Jordan*, for the defendant, cited 17 *Mass. R.* 258, *Wheeler* vs. *Russell* ; *Carthew* 252.

PARKER, C. J. The case does not state that any evidence was offered by the defendant, having a tendency to show that the wood had not been measured by a measurer duly appointed; but from the ruling of the court it seems to have been conceded that such was the fact, if it was not proved.

The statute of June 15, 1791, provides that all cord wood exposed to sale shall be of certain dimensions, and that in every town in the state, where wood is usually sold by the cord, there may be one or more persons appointed by the town, who shall be wood measurers, whose duty it shall be to measure all wood brought into that town for sale by the cord, and to certify the measure. And it further enacts, that if any person in any town where there is a wood measurer appointed and sworn, shall sell any wood by the cord which is not measured by a wood measurer, the person selling, and the person purchasing, shall severally forfeit and pay for every cord of wood so brought and sold, thirty shillings; one half for the use of the town, and the other half to the use of the person suing for the same. *N. H. Laws* 220.

It has been already settled in this state, that " when a statute inflicts a penalty for the doing of a particular act, that act is by implication prohibited and illegal." And " when an illegal contract is made between parties who are *in pari*

*delicto*, the contract is void, and neither party can maintain any action which requires for its support the aid of such illegal contract." 4 *N. H. Rep.* 285, *Roby* vs. *West.*

That was an action of trover for lottery tickets. The same principle has been applied to contracts made upon the Sabbath.

The case, *Wheeler* vs. *Russell*, 17 *Mass. R.* 258, presented a state of facts more nearly resembling the present. There the statute prohibited the sale of shingles not of the statute dimensions, or not surveyed. If not surveyed, the shingles were subject to forfeiture, and both seller and buyer were liable to a penalty. It was held that no action could be maintained upon a promissory note, the consideration of which was a sale of shingles not of the size prescribed by the statute.

There are later cases establishing the same principle. Where a statute to prevent fraud in the sale of coals, enacted that the vendor in certain cases should deliver a printed ticket, containing the number of sacks, the name of the coals, and of the vendor, &c., and subjected any vendor who should not deliver such ticket to a penalty, it was held that a vendor, who had not delivered such a ticket as the statute required, could not recover the price of the coals from the purchaser. 9 *Barn. & Cres.* 192, *Little* vs. *Poole.*

So where an act to prevent frauds in the sale of butter required the cooper, and dairyman, farmer, &c., to brand their names upon the vessel manufactured for packing, and in which it was packed, upon penalty of forfeiting a certain sum for every default—in an action brought by a farmer to recover the price of fifteen firkins of butter, sold by him to the defendant, the firkins not being marked according to the act, it was held that the act indirectly prohibited any sale of butter in vessels not properly marked ; that the sale was forbidden by the act of parliament, the contract of sale consequently void, and that the plaintiff could not recover. 5 *Barn. & Adolph.* 887, *Foster* vs. *Taylor.*

Pray *v.* Burbank.

In the sale of wood by the cord, the statute inflicts a penalty for every cord sold, which is not duly measured, on both seller and purchaser. The contract of sale in such case being unlawful, no suit can be maintained upon it, and there must consequently be a

*New trial.*