# THE STATE *vs.* DIMICK.

A writ of habeas corpus, issuing under the authority of this state, may be executed within the limits of the land ceded by the state to the United States, for the purpose of a fort and light-house, by virtue of the proviso in the act of cession.

A return to a habeas corpus, setting forth that the petitioner is held as a soldier, under an enlistment in the army of the United States, does not oust this court of its jurisdiction; but it is bound to enquire whether the petitioner is lawfully held under the laws of the United States; and if not, he is entitled to a discharge.

An enlistment into the army of the United States is a contract, and if made by a minor, without the consent, in writing, of his parent, master, or guardian, he may avoid it on his arrival at full age. But it is capable of ratification, like other contracts of infants, either by express agreement, or by acts.

Where a minor, having enlisted without the consent of his father, remained in the service more than a year after he became of age, receiving his pay and rations, without any dissent, and without any reasonable excuse for not making an application for a discharge—*Held*, that these acts amounted to a ratification of the enlistment.

HABEAS CORPUS, on the petition of Nathan Murray, setting forth that he is a citizen of Gardiner, in Maine—that on the

The State *v.* Dimick.

28th of May, 1839, being then under twenty years of age, he was enlisted as a private soldier in the army of the United States, by Justin Dimick, a captain, without the consent of either of his parents, who are still living, and that he has ever since been attached to the company under command of said Dimick, now stationed at Fort Constitution, near Portsmouth—that he arrived at the age of twenty-one on the 24th of August, 1840—and is restrained of his liberty, by said Dimick, under the enlistment.

The return to the writ set forth, that the petitioner was duly enlisted on the day stated in the petition, to serve for the term of five years, and had regularly received his pay and clothing as a soldier, from that time to the 31st of October, 1841, the last payment having been made on the 27th of November, 1841, &c.

The evidence tended to show that the petitioner was enlisted without the consent of his father, while residing at Berwick—that he was soon after stationed at New-York, and remained there until a short time previous to this application. His father stated that the reason why he did not attempt to procure his son's discharge, while in New-York, was that he was unable to go on there, and pay the expenses of the journey and discharge. And the petitioner alleged that he did not apply for a discharge there, because he supposed it was necessary for his father or some friend to petition for him—that others were discharged while he was there ; but he recollected no instance in which some one did not come and apply for them, and he therefore thought he could not get discharged unless some friend applied in his behalf.

*Odell*, for the respondent, contended—1. That this court had no jurisdiction, because the place where the fort was situated, and the petitioner stationed, had been ceded by the state to the United States ; and the proviso in the act of cession, that process of all kinds, civil and criminal, might be

served and executed on any part of the land, or in the fort, was void, Congress having no right to accept the cession with such a reservation. 1 *N. H. Laws* 39 ; *Const. United States, art.* 1, § 8.

2. That this was one of the cases in which jurisdiction is given exclusively to the courts of the United States. *Const. U. S., art.* 3, § 2 ; 2 *Hall's Law Journal* 192 ; 9 *Johns. R.* 239, *Matter of Ferguson.*

3. That the enlistment was a contract, not void, but voidable only, and that there was a ratification of it by the petitioner, after he became of age. The facts stated as an excuse for not making an earlier application are not sufficient. 1 *Mason's R.* 71, *United States* vs. *Bainbridge;* 3 *Burr.* 1794, *Zouch* vs. *Parsons;* 2 *H. Black* 511, *Keane* vs. *Boycott;* 14 *East* 541, *The King* vs. *The Inhabitants of Shinfield;* 3 *N. H. Rep.* 314, *Orvis* vs. *Kimball.*

*Emery,* for the petitioner, argued that the proviso in the act of cession was valid—and if not, that the cession itself was not good—that this court had jurisdiction of the case, as well as the courts of the United States—that the enlistment of minors was prohibited by the laws of the United States, and the enlistment in this case was therefore void, and incapable of ratification—and that if it were otherwise, there was no ratification by the petitioner. He cited 4 *N. H. Rep.* 285, *Roby* vs. *West ;* 7 *Cowen* 471, *Ex parte Carleton ;* 11 *Mass. R.* 63, *Commonwealth* vs. *Harrison.*

PARKER, C. J. The objection, that this court has no jurisdiction to send process into that portion of territory, lying within the limits of this state, ceded by the state to the United States, and occupied for a fort and light-house, cannot be supported. The act, by which the United States hold it, vests in that government the land, with the fort and light-house thereon, with all the jurisdiction thereof which is not reserved by the act. One proviso in the act of cession is,

The State *v.* Dimick.

" that all writs, warrants, executions, and all other processes of every kind, both civil and criminal, issuing under the authority of this state, or any officer thereof, may be served and executed on any part of said land, or in said fort," &c. There is nothing in this proviso repugnant to the grant. The transfer of the title to the land does not oust the jurisdiction of the state, which may well extend over lands owned by the United States. The jurisdiction granted to the United States is not a general grant, but all which is not reserved by the act. If, as has been suggested, the United States could not receive the cession with the reservation, they could not by it take what is not granted. The jurisdiction to issue and execute all writs, and other legal process there, includes the writ of *habeas corpus.* 7 *Cowen's R.* 471, *Ex parte Carleton.*

Nor can the objection be maintained, that this is a case arising under the laws of the United States, of which the courts of that government have exclusive jurisdiction.

If the laws of the United States justify the detention of the applicant, there is nothing illegal. If they do not, it is not a case arising under the laws of the United States, although it may be under color or pretence of authority by virtue of those laws. But a mere pretence of authority under the laws of the United States, is no better than any other pretence. It neither confers an exclusive jurisdiction on the courts of the United States, nor ousts the ordinary jurisdiction of the courts of the state. Nor can it make any difference that the illegal imprisonment, if there be one, is by an officer of the United States army. The courts of the United States have no exclusive jurisdiction over those officers. 7 *Cowen* 471 ; 11 *Mass. R.* 63, *Commonwealth* vs. *Harrison ; Ditto* 67, *Commonwealth* vs. *Cushing.*

The petition alleges that the petitioner, at the time of his enlistment, was under twenty years of age, and that the enlistment was without the consent of his parents. The evidence supports these allegations, and they are not contro-

verted in the return. The act of Congress of January 20th, 1813, provides that no person under the age of twenty-one years shall be enlisted, or held in service, without the consent, in writing, of his parent, guardian, or master, if any he have, and that the officer enlisting any person, contrary to the true intent and meaning of the act, shall forfeit and pay the amount of the bounty and clothing he may have received. 2 *U. S. Laws, Story's Ed.*, 1285. The petitioner might have been discharged, if an application had been made immediately after his enlistment; and no neglect of the parent to make an application could be construed into a ratification of the enlistment, because it could not furnish a written evidence of assent.

But the petitioner's evidence shows that he became of full age in August, 1840, more than a year before this application was made; and the return alleges that, having enlisted for five years, he has continued to perform service as a soldier, and has received his pay up to the last of October, 1841; and the question arises whether he is now entitled to a discharge, under these circumstances, or whether he has not himself ratified the enlistment, so that he is now well held under it.

It has been argued that the enlistment was entirely void, and incapable of ratification, but we do not think it a matter of that description. It is a contract for service, for the stipulated pay and rations. 1 *Mason's R.* 82, *United States* vs. *Bainbridge;* 11 *Mass. R.* 71. The statute provides that it shall not bind the infant, or those who have the control of him, if made without their assent, and subjects the officer to the loss of the bounty and clothing the minor may have received.

There is a class of cases where the law having imposed a penalty for the doing of a particular act, the act itself is prohibited by implication, and illegal; and any contract, involving the performance of such act, is held to be illegal and void. 4 *N. H. Rep.* 285, *Roby* vs. *West; Pray* vs. *Bur-*

*bank,* (10 *N. H. Rep.* 377.) These cases are founded on considerations of public morals, the enforcement of municipal regulations, or the prevention of fraud ; and a subsequent ratification of the contract would, ordinarily, be as much a violation of the policy which induced the imposition of the penalty, as the making of the original contract itself. They are not intended as regulations for a time, or to furnish protection for a certain period, merely.

This case is not of that class. There is no question here, whether the penalty upon the officer, if it may be properly so termed, prohibits, by implication, the act of enlistment. The statute is express, that no person under the age of twenty-one shall be enlisted, or held to serve, &c. But this is for the benefit of the minor, or the party having the control of him, and may be waived by those interested. There is no reason why the infant may not ratify the enlistment, after the time arrives when he may lawfully enlist. Like other contracts of infants, it is voidable. **11 *Mass. R.* 71.** If the father of the petitioner, subsequent to the enlistment, had given his assent, in writing, the maxim, ' *omnis ratiha-bitio retro trahitur,*' would seem well to apply. The provision, subjecting the officer to the loss of the bounty and clothing, was merely intended to protect the government from loss, where the contract was avoided.

We are of opinion, therefore, that the contract of enlistment was one which the infant might ratify, on his coming of age, so as to bind himself ; and that this might be done by his acts, in the same manner that he might ratify other contracts.

And we are further of opinion, that remaining in the service for more than a year after he became of age, without dissent, receiving his pay and rations, is a ratification of the contract. It was not a matter that he could continue so long as he pleased, with power, on his part, to disaffirm it when it no longer suited him. He had a reasonable time after he arrived at full age, to express his dissent and apply

for a discharge. His reasons for not doing so are not suffi-cient. It does not appear that he was told it was necessary that any one should apply for him—that he was in any way deceived, or restrained, so that he could not apply—or that he manifested any repugnance to the service. He received his pay, from time to time. Continuing in the service of an employer, under any other contract for service, for such a period of time after his arrival at full age, taking the stipu-lated compensation, in the absence of fraud, duress, or other good reason for a neglect to dissent, must be deemed a rati-fication of the contract ; and this being a contract, capable of ratification, falls within the general principle. If he had been restrained, or on foreign service, or deceit had been practiced upon him, the case would be different.