## PRAY *vs.* BURBANK.

Where a claim was made, on account, for wood sold to an amount which was prohibited by statute, unless surveyed by a sworn surveyor; but on trial this amount was reduced, by agreement of parties, to a less quantity than that named in the statute, and verdict was rendered on this agreement—*Held*, that the statute prohibition would not apply.

Where the statute imposed a penalty on the sale of cord wood at a certain penalty per cord—*Held*, that a sale of any amount less than a cord was not within the prohibition of the statute.

ASSUMPSIT, on an account annexed to the writ, for one cord of wood, charged at five dollars.

Evidence was offered by the plaintiff to sustain the charge as made.

The defendant rested his defence on two grounds.   1. That the quantity of wood sold to the defendant was overcharged.   2. That Somersworth, where the wood was sold, was a place where wood was usually sold by the cord ; that wood-measurers were duly elected, and sworn there, that year ; and that this wood was not measured by any individ-

ual sworn as a surveyor of wood, and the sale was on these accounts illegal and void.

At the close of the testimony it was agreed by the parties that the wood sold was less than a cord; and the plaintiff's counsel then contended that, the quantity being less than a cord, the sale did not come within the provisions of the statute, and requested the court so to charge the jury.

The court charged the jury that in order to sustain the defence, the wood must have been sold by the cord—that if there was a cord, or more than a cord, the sale was within the prohibition of the statute of June 15th, 1791, provided the wood was not measured by a wood measurer, appointed as required by the statute; but in order to come within the prohibition of the statute there must be a cord—that there was no penalty, or prohibition by statute, for the sale of any less quantity.

The defendant's counsel then requested the court to instruct the jury that the plaintiff, having charged and brought his action for a cord of wood, was not at liberty to allege that there was less than a cord, so as to avoid the penalty; but the court declined so to instruct the jury, but directed them that this was only *prima facie* evidence for the defence, and that it might be rebutted by proof that there was not a cord of wood, or by the agreement of the parties to that effect.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

*Jordan,* (with whom was *Hale,*) for the defendant. Wood is usually sold by measure, and the standard of that measure is the cord. Its price, whether the quantity be greater or smaller, is either the multiple of the price per cord, or a fractional portion of the same. Such is the ordinary mode of reckoning on the sale of wood; and the design of the statute was to prevent any sale of wood by the cord, as thus known and practiced, except when surveyed by a sworn

measurer of wood, whether the quantity be greater or less. Such, undoubtedly, was the intention of the statute ; and it is a fundamental rule in the construction of statutes, to sustain their intention.    *Coke Litt.* 381, *a ;* 1 *Kent's Com.* 461.

Any sale of wood, except under the survey of a competent officer, or surveyor, is within the prohibition of the statute.

The plaintiff claimed to have sold a cord of wood ; and though it turns out to be less in quantity, still, as a matter of sale, and within the prohibition of the act, it is to be regarded as a cord, and the plaintiff should be holden liable in the penalty for that amount.

*Christie,* for the plaintiff.    There is no mode of construction of a penal statute by which half a cord can be regarded as a cord of wood.

Neither has the plaintiff any ground to allege the intention of the statute to be a prohibition of the sale of all wood, in any quantity, unless surveyed by a sworn measurer.    It is sufficient that all sales to the extent of a cord, or over, are thus prohibited—the sale of lesser quantities is immaterial— *de minimis non curat lex.*

UPHAM, J.    Where the plaintiff sues in assumpsit for articles to a certain extent, or in a certain quantity, which, as the claim is made, would for that cause show a defence to the suit, he would be clearly bound, unless the contrary appear, to the claim as set up by him.

But where such claim is contested, or becomes a matter of evidence to the jury, a less amount may be recovered. The defendant may contest such claim, and reduce it by evidence ; or, if objected to, the parties may reduce it by agreement, either to save trouble on this point or to obviate complaints made.

The parties are clearly competent to agree that if the plaintiff is to recover, he shall recover only for a less sum, or less

quantity, than he has declared for ; and to the extent of the agreement thus made the jury would be bound to find, where the matter is committed to them.

Such was the agreement and finding of the jury in this case ; and the sale of wood as here made is thus fixed at less than a cord, and we are not aware of any principle in the construction of this statute by which it can be regarded as greater in quantity.

The sole question, then, for consideration in the case is, whether a sale of a less quantity of wood than a cord is within the prohibition of the act to prevent fraud in cord wood exposed to sale. We have already holden, in a former trial of this case, 10 *N. H. Rep.* 377, that the statute having imposed a penalty on the sale of wood, both on the buyer and seller, except when surveyed by a sworn surveyor, a sale within the provisions of the act was prohibited by implication ; and, being illegal, the seller could not maintain an action for the price of the wood.

The question whether a sale of a less quantity than a cord of wood was prohibited, except on competent admeasurement, did not then arise, but is to be determined here on such construction as we may give the statute.

The act on this subject was designed to cause an uniformity of measure in cord wood. To attain this object, it was not necessary that every small lot and parcel of wood, less than a cord, should be surveyed by a sworn surveyor. There is no fee fixed for the survey of a less quantity than a cord, and a penalty upon all sales of a cord of wood would fully effect the general object designed.

There is by the statute no penalty or prohibition for the sale of any less quantity than a cord. The act provides that if any person, in any town or place in this state, where there is any wood measurer appointed and sworn, shall sell any wood by the cord, which is not measured by a wood measurer, the person selling, and the person purchasing the same, shall severally forfeit and pay for every cord of wood so bought

and sold, thirty shillings, to be recovered before any justice of the peace, not interested in the penalty—the one half of which sum shall be for the use of the town or place in which the same is so bought and sold ; the other half to the use of the person suing for the same.

This is a distinct provision against a sale of a given quantity. It cannot be said here that the greater includes the less ; for there is no offence except in the sale of the quantity specified, and that quantity not having been sold, there is no breach of the act.

The plaintiff is, therefore, entitled to recover.

*Judgment on the verdict.*