## Brackett v. Hoyt.

Where the statute imposes a penalty for the making of a particular contract, the making of the contract is impliedly prohibited, and the contract is thereby rendered illegal and void.

It is the offer for sale of pressed hay in the bundle, not branded in the manner required by the act, and not the sale, unaccompanied by an offer for sale, that is prohibited by the provisions of the first and second sections of chapter 107 of the Revised Statutes.

Assumpsit, to recover the price of a quantity of hay sold and delivered to the defendant. The case comes before this court upon the report of an auditor appointed to state the account between the parties, who in addition to stating the account, showing a balance due to the plaintiff, at the request of the parties, found and reported the following facts:

It appeared in evidence that the hay sold by the plaintiff to the defendant was bargained for in the city of Portsmouth, while it was in the plaintiff's barn in Greenland. The defendant agreed to give twenty dollars a ton for the hay, to be delivered by the plaintiff upon the cars of the Portsmouth and Concord Railroad, at the plaintiff's farm in Greenland. It was understood by the parties that the hay was intended to be sent by the defendant by railroad to Bos-

ton, for which market the defendant was a buyer. The hay thus delivered upon the cars, pressed and banded with "withes," was in fact sent to Boston by the defendant. There was no evidence that the hay, or any part of it, was pressed at the time the bargain was made, but it was understood by the parties that it was to be pressed before delivery on the cars. It was shown that there was no brand of the name of the plaintiff, or any other mark upon any bundle of the hay, when delivered, except the weight thereof. The plaintiff claimed to recover of the defendant twenty dollars per ton, for the gross weight of the hay, including the withes, and offered evidence to show that such was the contract, and the auditor allowed the claim accordingly, though the defendant offered evidence tending to show that such was not the contract.

*A. R. Hatch*, for the plaintiff.

The plaintiff is entitled to recover the amount reported by the auditor, with interest from the date of the writ.

I.   The statute (Comp. Stat. ch. 110 §§ 1, 2,) imposes a penalty for the " offer for sale " only of hay not branded, &c. No offer to sell was proved or made in this case. *Williams* v. *Tappan*, 3 Foster's Rep. 385; *Roby* v. *West*, 4 N. H. Rep. 289; *Wheeler* v. *Pingrell*, 17 Mass. Rep. 274, 67.

II.   The hay was not pressed when sold, but was to be pressed after the sale. The statute makes penal the offer to sell " pressed " hay only.

III.   An obvious construction of the statute makes it applicable only to hay sold only for exportation.

IV.   The offer to sell alone being penal, the sale is valid, though preceded by an offer to sell. The penalty may be incurred without a sale. The reason of the statute applies only to offers in market. The offer to sell is not *malum in se*, and there is no loss or damage to the defendant by the omission of the branding. *Smith* v. *Mawhood*, 14 Meeson & Welsby, 452; *Hill* v. *Smith*, 1 Morris, Iowa; *Br. Bank*

*v. Cochran,* 5 Ala. Rep. 250; *Gremore* v. *Le Clere Bois Valen,* 2 Camp. 144; *Favor* v. *Philbrick,* 7 N. H. Rep. 326.

V.   The defendant has accepted the goods and paid part of the price, and is estopped from setting up any illegality in the contract.   It is executed.   He has had the advantage of it, and this defence amounts to a fraud.

*Wells & Bacon,* for the defendant.

If the plaintiff's case comes within the statute, his claim cannot be sustained.   *Wheeler* v. *Russell,* 17 Mass. Rep. 258; *Bank* v. *Merrick & a.,* 14 Mass. Rep. 322; *Russell* v. *De Grand,* 15 Mass. Rep. 39; Comp. Stat. ch. 110.

The plaintiff says there was no offer for sale.   The case finds that the hay was bargained for in Portsmouth, and afterwards delivered and accepted at the place and in the condition bargained for.   A sale implies an offer.   Here was no sale until the delivery.   *Davis* v. *Hill,* 3 N. H. Rep. 382; *Lucy* v. *Brindy,* 9 N. H. Rep. 298; *Woodbury* v. *Long,* 8 Pick. 543; *Penniman* v. *Hartshorn,* 13 Mass. Rep. 87; *Messer* v. *Woodman,* 2 Foster's Rep. 172.

It was, then, a sale of pressed hay, and required to be branded to protect the public from imposition.   It was bargained to be sold pressed, and the plaintiff claimed the gross weight, including the bands upon the bundles.

To hold that to bargain for the price before delivery exonerates the seller from the statute requirements, would neutralize the law.

Woods, J.   The case shows a sale and delivery of the hay in question to the defendant.

At the date of the contract the hay was not in a pressed state.   At the date of the delivery, in pursuance of the contract, it had been pressed and was in the bundle.

We do not, however, found our opinion in this case upon that particular state of fact, nor regard it as material to the conclusion we have arrived at.   We shall treat the case as

one of a sale of hay in the bundle, pressed, and without any such brands as the statute requires in certain cases. If it be not treated as a sale of pressed hay, but as a sale of hay not pressed, no question such as is made could possibly arise. The question, then, for consideration is, whether such sale of pressed hay is illegal.

It is claimed that the sale of pressed hay in the bundle, is an act prohibited by the statute laws of this State, under a penalty, and is therefore illegal, and that for that cause this action cannot be maintained. And it must now be considered as settled law in this State, that where a penalty is imposed by statute upon a party for entering into a contract, the imposition of the penalty, in law, amounts to an implied prohibition of the act for which the penalty is inflicted, and the contract is thereby rendered illegal and void. *Roby* v. *West*, 4 N. H. Rep. 289; *Pray* v. *Burbank*, 10 N. H. Rep. 377; *Williams* v. *Tappan*, 3 Foster's Rep. 385.

The contract in such case stands upon the same ground as it would if it were expressly prohibited, and its illegality were expressly declared.

The case does not show whether the plaintiff offered the hay for sale to the defendant, and the defendant accepted the offer, or the defendant proposed to purchase the hay and the plaintiff simply accepted the proposition. A sale is shown, but not an offer to sell. The language of the statute, (Rev. Stat. ch. 107,) relied upon as prohibiting the sale of pressed hay in the bundle, not branded, is as follows:

Section 1 provides that " All pressed hay offered for sale in this State, or shipped for exportation, shall be branded in some conspicuous place, on each crate or bundle, with the first letter of the christian name or names, and the whole of the surname of the person packing or pressing said hay, and with the name of the town, and initials of the State where the same is pressed."

Section 2 provides that " If any person shall offer for sale, or ship for exportation, any crate or bundle of pressed hay,

not branded as aforesaid, he shall forfeit five dollars for each offence."

Now on looking into these provisions of the statute, it is apparent, we think, that it is the offer to sell, and not the sale, which is by the terms of the act prohibited, and it is quite clear that every offer to sell will not amount to a sale, and therefore an offer to sell, and a sale, cannot be regarded as synonymous, and as being the same in all cases. As matter of fact, an offer to sell does not attend every sale, nor is it necessarily implied therein. An offer to sell may or may not attend or accompany a sale. The only act on the part of the seller may be a simple acceptance of an offer to purchase, made on the part of the buyer, and although a penalty may be incurred by the mere offer to sell, *it is not for the court* to declare that the penalty is incurred by an actual sale, even if they might suppose a sale likely to be accompanied by the greater mischief. It is the duty of the court to give to the language employed by the legislature its obvious and legitimate meaning and force, and not to construe it to mean what other and different language, if employed, would import. Nor is it necessary for, or the duty of the court, to inquire why the sale of pressed hay is not prohibited, instead of the mere offer. The distinction between a sale and an offer to sell being obvious, and neither necessarily implying the existence of the other, we are brought to the conclusion, upon a consideration of the language of the act, that it is the offer to sell, and not the sale, unaccompanied by an offer, which is prohibited by the act in question.

We regard this case as falling directly within the principles, as well as the reasoning of this court in the case of *Williams* v. *Tappan*, 3 Foster's Rep. 385, and upon a careful review of them, we see no reason to question the accuracy or soundness of either. In that case, this court were called upon to construe a statute of Massachusetts, prohibiting, in terms, the offer to sell shingles that were not brand-

ed in the manner provided therein. And it was decided there, that an offer to sell was not necessarily implied in an actual sale, and that it was the offer to sell, and not the sale, that was prohibited by the act in Massachusetts. We would refer to that case as giving the reasons more at large, as well as for the citation of authorities, upon which we rest our opinion in the present case.

*Judgment on the report.*