NEW-YORK,
Nov. 1810.

SCHEMERHORN and others *against* LOINES and others.

SCHE: ER-
HORN
v.
LOINES.

THIS was an action of *assumpsit*, brought to recover the price of certain articles of ship chandlery, supplied by the plaintiffs, as ship chandlers, in *May*, 1806, for the ship *Eleanor*. The cause was tried before Mr. Justice *Yates*, at the *New-York* sittings, in *December*, 1809.

The goods were furnished by the plaintiffs for the use of the ship, between the 16th and 27th *May*, 1806, and were delivered to *Benjamin Lord*, the master and one of the defendants. The articles were ordered for the use of the ship, by *George Townsend*, since deceased. The articles were charged in the books of the plaintiffs to the *debet* of the " ship *Eleanor*, Mr. *George Townsend* and owners." No time of payment was mentioned, but the usual credit on such goods is six months. The defendants, *Richard Loines*, *James Loines* and *Benjamin Lord*, and *George Townsend*, were the owners of the ship, at the time the articles were supplied by the plaintiffs.

The plaintiffs, on the 20th *October*, 1806, took from *George Townsend*, who was the ship's husband, his promissory note, payable in 90 days, for the amount of the account, and gave him the following receipt. " *New-York*, *October* 20, 1806, received of Mr. *George Townsend* his note of this date at ninety days, for two hundred and thirty-two dollars thirty-two cents, in full for supplies of ship *Eleanor*."

*Townsend* died the 2d *December*, 1806, and continued to pay his notes until the time of his death; but his estate afterwards proved to be insolvent. The clerk of the plaintiffs testified, that when he delivered the goods, and when the note was taken from *Townsend*, and the receipt given, he did not know that either of the present defendants was owner or interested in the ship, and

Where a person supplied stores to a ship, of which there were several owners, on the order of one of them, who acted as ship's husband, and took his note in payment, and gave a receipt in full, it was held to be no discharge of the other owners, especially, as it did not appear that the plaintiff knew, at the time, that there were other owners.

that he did not believe that the plaintiffs had any know-
ledge of that fact, at that time; but were referred to the
defendants as part owners, by the administrator of *Town-
send*, some time after his decease. It was proved that
the ship *Eleanor*, in *May* 16, 1806, was advertised in the
gazette, for *Liverpool*, for freight or passage, and appli-
cation was requested to be made to Capt. *Lord*, on board,
or to *J. & R. Loines*, or to *George Townsend;* and this
gazette was regularly taken at the store of the plaintiffs,
during the year 1806; but it was not proved that either
of the plaintiffs had actually seen or read the advertise-
ment.

A verdict was taken for the plaintiffs, by consent, sub-
ject to the opinion of the court, on a case in which the
above facts were stated.

*S. Jones*, jun. for the plaintiffs. The defendants were
owners of the ship at the time the supplies were fur-
nished, and must be liable, unless the plaintiffs have done
some act to discharge them.

The taking the note of *Townsend*, who was a part
owner and ship's husband, and giving him a receipt in
full, is no payment or discharge of the original debt.*

The giving a further credit of 90 days, beyond the
usual term, can have no other effect than to enlarge the
time of payment, as it respects the parties liable in the
first instance. The plaintiffs have shown, as far as it
was possible, that when they took the note, they did not
know that there were other owners.

* *Tobey* v. *Bar-
ber*, 5 *Johns.
Rep.* 68.

*Wells*, contra. The original liability of the defend-
ants, as part owners of the vessel, is not denied; but we
contend that the plaintiffs, by their own act, have dis-
charged them. The entry in the books of the plaintiffs
shows that they were aware of there being other owners;
and the advertisement and public notoriety of the fact,
repels any inference of want of knowledge on their part.

If they did not mean to look to *Townsend* alone, why

did they not inquire of him, at the time, as to the other owners? The plaintiffs took the note in full payment for the goods; and meaning to take the risk of its payment. The extension of the term of credit also shows this intention. If this had been the note of a stranger or third person, it would be considered as giving a new credit, and a discharge of the original debtors; and *Townsend*, in this transaction, may be considered as a third person. Again, the rights of the defendants are affected by the credit given to *Townsend*; for if they had been called on for payment at the end of the six months, *Townsend* would have paid his proportion; but the loss, as it respects him, has been occasioned by the act of the plaintiffs.

NEW-YORK,<br/>Nov. 1810.<br/><br/>SCHEMER-<br/>HORN<br/>v.<br/>LOINES.

*Jones*, in reply, observed, that in *Reed* v. *White and others*,* a *nisi prius* case, before Lord *Ellenborough* and a special jury, it was decided that if a person supplies stores to a ship owned by several persons, and takes in payment the bill of the ship's husband and part owner, and settles with him alone, and afterwards renews the bill, he discharges the other owners; but in that case the other owners, being ignorant of the dealings between the plaintiff and the ship's husband, had suffered him to receive large sums of money as freight, which they would otherwise have detained; and the renewal of the bill showed clearly the intention of the plaintiff to adopt him as the single debtor.

* 5 *Esp. Cas.*<br/>122.

*Per Curiam.* The defendants were liable as owners, and the plaintiffs have done nothing to discharge them. The taking of the note of *Townsend*, and giving a receipt in full, is no extinguishment of the original debt, unless the note was paid. There is no evidence that the plaintiffs *knew* that the other defendants were part owners. The case of *Reed* v. *White* proceeds on the ground that the plaintiff had taken the ship's husband,

VOL. VII.     R r

NEW-YORK, exclusively for his debtor, knowing there were other
Nov. 1810.
owners, and after a settlement of accounts between them
THE PEOPLE and the ship's husband.
v.
HUMPHREY.          The plaintiffs are entitled to judgment.

Judgment for the plaintiffs.