## JAMES HORN *versus* JOHN FULLER.

Every promissory note imports a consideration ; and that presumption is to stand, until the contrary appears.

When a note is given by one man, at the request of another, to a third person, it is not essential to the validity of the note that there should have been a consideration as between him at whose request it was made, and the payee, even in a suit between the maker and payee.

Assumpsit upon a written contract as follows :—

*Rumney, January* 18, 1822.

Agreeably to my father's last will, I promise to pay James Horn, forty dollars, when he shall arrive at the age of twenty-one years.

JOHN FULLER,
ASA FULLER.

The cause was tried upon the general issue at November term, 1832, when it was admitted that the defendant made the contract, and that the plaintiff arrived at the age of twenty-one years before this action was commenced.

It appeared that Asa Fuller, who also put his name to the contract, was the father of the defendant ; and that he had since died seized of real estate, of which the defendant was in possession. But it did not appear that Asa Fuller left a will.

It was objected, on the part of the defendant, that the sum mentioned in the note must be considered as intended for a mere gift by Asa Fuller to the plaintiff, and that no action could be maintained upon the note for want of consideration. And a verdict was taken for the defendant, subject to the opinion of the court, upon the above case.

*Bell*, for the plaintiff.

*Quincy*, for the defendant.

The opinion of the court was delivered by

Richardson, C. J. The note in this case appears, on the face of it, to have been given on account of Asa Fuller, and must be presumed to have been given at his request ; and this is the only evidence of a consideration which exists in the case. The question is, whether this is sufficient evidence of a consideration to sustain the note ?

It was once intimated by an English judge that no consideration was necessary to sustain a promise in writing. 3 Burr. 1670.

A similar intimation has also been given by an American judge. 2 Caine's Rep. 247.

But it is now too well settled to be questioned, that as between the original parties to a note, a consideration is essential to its validity. 7 D. & E. 350, note, *Kunn* v. *Hughes ;* 3 ditto, 421 ; 7 Johns. 26, and 321 ; Peake's N.

P. C. 61 and 216 ; 7 Cowen, 322 ; 18 Johns. 145 ; 17 ditto, 301 ; 10 ditto, 198 ; 5 Pickering, 391 ; 6 ditto, 427 ; 5 B. & C. 501 ; 5 Wheaton, 277 ; 9 Mass. Rep. 254.

But it seems always to have been held that a bill of exchange imports a consideration ; and that presumption stands until the contrary appears. Chitty on Bills, 12— 13 ; 1 Wilson, 189 ; 2 Starkie's Evidence, 280.

And since the statute of Anne, promissory notes seem to have been considered as standing on the same ground. 9 Johns. 217 ; 14 ditto, 245 ; Bailey on Bills, 24—25.

And it is not necessary, nor is it customary, in declaring on a note, to state a consideration. Law's Pl. in Assumpsit, 261.

In this case the note may be considered as, in effect, an order by the father upon the defendant accepted by the latter. And this is *prima facie* evidence that the father had placed the money in the defendant's hands for the use of the plaintiff. Bailey on Bills, 245 ; 3 D. & E. 174 ; *Tullock* v. *Harris* ; ibid, 182, *Vere* v. *Lewis*.

It is immaterial whether, as between Asa Fuller and the plaintiff, there was any consideration. The presumption is that the defendant has the money, and he is not at liberty to dispute the consideration between the other two. That is no concern of his. 19 Johns. 113, *Nickerson* v. *Hayward*.

We are of opinion that there must be, in this case,
*A new trial granted.*