## JOHNSON *vs.* CLEAVES & a.

The defendants, being owners of a ship, of which one Crane was ship's husband, the plaintiff furnished certain articles for the ship, charging them to " the ship Fortitude and owners," it not appearing that he knew who the owners were, and took from Crane his note for the amount due, giving him a receipt for the balance of the account. The defendants did not know how the plaintiff and Crane had settled the account, but they settled with Crane as if he had paid the plaintiff, who told Crane that he wished a note on which he could raise the money.

He could not get the note discounted, and Crane afterwards became bankrupt. —*Held*, that the note was not a payment of the account, and that the defendants were liable therefor.

In order that a note should be a payment of a preëxisting debt, there must either be an express agreement to receive it in payment, or there must be circumstances from which an agreement may be inferred, which in proper cases may be submitted to the jury for that purpose.

ASSUMPSIT, to recover the sum of $270.71, balance due on account. The following facts appeared from the report of an auditor.

The defendants were owners of the ship Fortitude, of which one Crane was ship's husband. At various times in the years 1837 and 1838, the plaintiff furnished articles for the use of the ship, and received sundry sums of money in payment therefor of Crane, who charged them to the owners of the ship. Upon a settlement between the plaintiff and Crane, a balance was found due the plaintiff from the owners of $270.71, for which Crane gave the plaintiff his promissory note, dated in December, 1841, payable in four months, who thereupon receipted his account against the defendants, and delivered it to Crane, who at that time was doing business, and was in good credit. Crane was not then in funds, and Johnson told him that if he could not have the money, he wished a note on which he could raise it. The defendants did not know how Johnson and Crane had settled the accounts until after the note became due, and they considered and treated the accounts during that time as if the balance had been paid by Crane. It did not appear that Johnson knew who the owners were, and the articles were charged by Johnson to " the ship Fortitude and owners."

In the month of January, 1842, Johnson offered the note to the Rockingham bank for discount, but it was refused. He then left it with the bank for collection. It was not paid at its maturity, and in the month of May, 1843, Johnson put it in suit, and attached property of Crane, but finding that the property was mortgaged, he abandoned the suit. About the time he commenced the suit he notified the defendants, for the first time, that he considered them liable for the amount of his bill.

In the month of July, 1842, Crane filed his petition in bankruptcy, and was subsequently declared a bankrupt. His assets were not sufficient to pay the expenses of his proceedings in bankruptcy.

The question for the consideration of the court was, whether the reception of Crane's note for the amount of the balance due the plaintiff from the defendants was a payment of the balance. Judgment is to be rendered for the plaintiff, or for the defendants, according to the opinion of the court.

*Emery*, for the plaintiff. The credit was given to the defendants. *Thacher* vs. *Densmore*, 5 *Mass.* 299 ; and the Massachusetts cases are authorities that the giving a note for a debt is payment of the debt. But those cases do not decide that it is payment at common law. In this State the law is different. *Jaffrey* vs. *Cornish*, 10 *N. H. Rep.* 505 ; *Tarleton* vs. *Allhusen*, 2 *Ad. & E.* 32 ; *Schemerhorn* vs. *Loines*, 7 *Johns.* 311 ; *Muldon* vs. *Whitlock*, 1 *Cow.* 290.

Crane acted as an agent, and his note was only a liquidation of the amount due. The plaintiff did not intend to take the note as payment of the debt. It was merely offered to him as a temporary equivalent for the money. The principal was not injured by the dealing between the agent and the creditor. *Wyatt* vs. *Marquis of Hertford*, 3 *East* 147 ; *Porter* vs. *Talcott*, 1 *Cowen* 359.

*Cutts*, for the defendants. The receipt of Crane's note was a discharge of the debt, because such was the intention of the parties. The facts show this. The receipt was in general terms ; and if it had not been intended as a payment, it would have been stated that it should be a discharge, whenever the note should be paid. Moreover, Johnson took the note that he might raise money on it, and Crane's credit was then good. The negotiation which Johnson attempted, of the note, and his endeavors to collect it, show that he regarded it as payment. He took the note of one owner, and that discharged the others. *Evans* vs. *Drummond*, 4 *Esp.* 89 ; *Reed* vs. *White*, 5 *Esp.* 122. It is a ques-

Johnson *v.* Cleaves.

tion for the jury, what was the intention of the parties, and the facts here show that they meant to discharge the debt.

*Emery*, in reply. The case of *David* vs. *Ellice*, 5 *B. & C.* 196, is a strong case in support of our position, that the other owners continued liable for the debt, notwithstanding the note given by Crane. See, also, *Heath* vs. *Percival*, 1 *P. Wms.* 682.

GILCHRIST, J. The facts necessary to be considered in this case are not numerous, and the principle to be applied to them is a familiar one.

The plaintiff furnished articles for the use of the ship Fortitude, charging them to the "ship Fortitude and owners." It does not appear that he knew who the owners were, but Crane, one of them, the ship's husband, settled with Johnson, and gave his note for the amount of Johnson's bill against the ship, on which Johnson unsuccessfully attempted to raise money, and Crane afterwards became bankrupt.

Where a bill is given for a debt, and in payment of it, Lord *Kenyon* says, that if the bill which is given in payment do not turn out to be productive, it is not that which it purports to be, and which the party receiving it expects it to be ; and therefore he may consider it as a nullity, and act as if no such bill had been given at all. *Puckford* vs. *Maxwell*, 6 *T. R.* 52. If a party agrees to take notes as payment, and to run the risk of their being paid, that will be considered as payment, whether the notes have or have not been afterwards paid ; but without such agreement, the giving of such notes is no payment. *Owenson* vs. *Morse*, 7 *T. R.* 64 ; *Tapley* vs. *Martens*, 8 *T. R.* 451. In accordance with this principle we have held, in *Jaffrey* vs. *Cornish*, 10 *N. H. Rep.* 505, that a promissory note is not a payment of a preëxisting debt, unless there be an agreement to receive it in payment. Even a judgment recovered in any form of action is still but a security for the original cause of action, until it is satisfied ; and there must either be satisfaction, or the demand on which the judgment was recovered must have been

accepted in satisfaction of the original cause of action. *Drake* vs. *Mitchell*, 3 *East* 251 ; *Tarleton* vs. *Allhusen*, 2 *Ad. & E.* 32.

It does not appear in this case that the plaintiff, by taking the note of Crane, obtained any advantage, or that the defendants sustained any injury. They settled with Crane as if he had actually paid the plaintiff; but they knew nothing about it, nor did they inquire how he came by the plaintiff's receipt. They were bound to pay their debt to the plaintiff. They chose to settle with Crane as if he had paid it for them, when he had not done so. The hardship, if any exists, is upon the plaintiff, who ought not to be injured by the course of dealing, which, without his knowledge, has been adopted between Crane and other persons to him unknown, and over whom he has no control. If the defendants had dealt differently with Crane on the supposition that the plaintiff's demand had been paid, as the receipt imported, and if Crane had enough of the defendants' money in his hands to answer the demand, perhaps they would be discharged. *Wyatt* vs. *Marquis of Hertford*, 3 *East* 147. But Crane had no money of theirs in his hands, and they never inquired into the matter of actual payment.

In the case of *Robinson* vs. *Read*, 9 *B. & C.* 449, a tradesman, who had supplied goods for a ship, sent in his account to the ship's husband, and received his acceptance for the amount due, the latter having in his hands a balance due the owner larger than the plaintiff's bill. But as the owner never looked into the accounts, nor inquired how his agent was using his money, it was held that he was not injured by the plaintiff's receiving the acceptance, and that the plaintiff was entitled to recover. And here the defendants never inquired into Crane's transactions until after the note fell due. In *Schemerhorn* vs. *Loines*, 7 *Johns.* 311, the plaintiff supplied goods for a ship, charging them to " the ship Eleanor, Mr. George Townsend, and owners." Townsend, who was one of the owners, and the ship's husband, gave his promissory note for the amount of the account, payable in ninety days, and the plaintiff gave him a receipt in full for the amount of the supplies. It did not appear that the plaintiff knew who the owners were at the time. Townsend died, and his estate was

insolvent. It was held that the defendants were liable. In the case of *Muldon* vs. *Whitlock*, 1 *Cow*. 290, goods were ordered for the ship *Cadmus*, by Frederick Jenkins and son, the ship's husbands, who, with Whitlock and Jenkins, were the owners, and the plaintiff knew who the owners were. Frederick Jenkins and son gave their note for the goods, and the plaintiff gave his receipt in full. But it was held that the defendants were liable.

And both *Woodworth* and *Sutherland*, Justices, in remarking on the case of *Schemerhorn* vs. *Loines*, said that the fact that the plaintiff there did not know who the owners were, was not a point on which the decision turned.

We think that this case is to be decided upon the principle that a promissory note is not a payment of a preëxisting debt. The defendants have not shown that the settlement between Johnson and Crane in any way affected their dealings with Crane, or that they should have dealt differently with him, if they had been informed that he had given his note for the debt. There was no express agreement to receive the note in satisfaction, nor can we find any agreement, from the circumstances, which in proper cases may be submitted to the jury for that purpose. *Brown* vs. *Kewley*, 2 *B. & P*. 518; *Reed* vs. *White*, 5 *Esp*. 122; *Thompson* vs. *Percival*, 5 *B. & Ad*. 925.

*Judgment for the plaintiff.*