### SARGENT *v.* ROBBINS.

One who signs a note previously made by another, and delivered, may be hold-
en as a joint and several maker of such note.

An agreement by the holder of such note to assign to such second signer, the
mortgage by which it is secured is a sufficient consideration for the undertak-
ing implied by such signing.

ASSUMPSIT, on a promissory note, dated March 11, 1841,
signed by Jason Ripley and the defendant, for the payment
of two hundred and forty-four dollars and forty-nine cents,
payable to David W. Grimes, or order, on demand with in-
terest annually, and by him indorsed.

The writ is drawn against both Ripley and Robbins, but
no service was made on Ripley, who was out of the State.

Sargent v. Robbins.

Robbins pleaded the general issue.

It appeared that the note was originally made and signed by Ripley alone, for his own debt. In the fall of 1842, and after Ripley had filed his declaration in bankruptcy, Grimes, then the holder of the note, " called upon Ripley to obtain Mr. Robbins' signature to the note. Ripley was engaged, said he could not go then, and wished Grimes to go, and said it would answer as well as if he went himself. Grimes accordingly called upon Mr. Robbins, and told him that he held a note, (the note declared upon,) against Ripley, and held, with James Butler, a mortgage of a house at Hillsborough, and one in Hopkinton, to secure the note; and told him that if he would sign the note with Ripley he would transfer his interest in the security he held to him, Robbins, whenever the note was paid. Robbins wanted to know how long Grimes would wait for the pay, and Grimes told him he would wait till Ripley could earn a hundred dollars. Robbins then asked if he would wait a year, and Grimes told him he would. Robbins then said he would sign the note, and accordingly did.

Grimes understood Robbins to sign merely as surety ; and he never assigned to him the mortgage security. There was conversation about Ripley's bankruptcy when Robbins signed the note.

A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the foregoing case, and it was agreed that if this court shall be of opinion that the action cannot be maintained upon the foregoing evidence, the verdict should be set aside and a verdict entered for the defendant. And it was ordered that the questions arising upon the foregoing case be reserved and assigned for the determination of the justices of this court.

*D. Clark*, for the plaintiff.

*Ayer* and *Farley*, for the defendant.

WOODS, J. The nature of Robbins' undertaking in signing the note in controversy is sufficiently indicated by the terms of the paper itself. It would be improper to look beyond these for any explanation of the intention of the parties, if they be unequivocal in their expressions and are not qualified by any other evidence of as high character. If Robbins undertook and promised anything by signing the note, it was to pay the sum of money named therein to Grimes, or his order, absolutely, in the manner therein specified. That he was surety, merely, to another, and was not liable to pay but upon his default, did not distinguish the contract from all other joint and several contracts. The relation of surety, if made known to the party holding the note, laid the foundation for evidence to prove his exemption or release from his undertaking, not ordinarily admissible in joint and several promises in which that relation does not exist, or is unknown. But there is no evidence that the rules of law will permit us to listen to, that having under written his name to a paper containing an express promise to pay money for value received, the engagement was that of a mere guarantor.

Was there a consideration for the promise sufficient to make it binding upon the party to perform it, in the unambiguous terms in which it was made?

It is not entirely clear that the original consideration between Grimes and Ripley was not sufficient to sustain the promise of the defendant.

The defendant signed the note at the request of Ripley. In *Horn* v. *Fuller*, 6 N. H. Rep. 511, it was held that he who has given his note to another at the request of a third person, stands in a position like that of the accepter of a bill; and in an action upon such note cannot deny that he had funds in his hands belonging to such third party.

But the contract of the plaintiff to assign to the defendant upon the payment of the note, the mortgage of the house in Hillsborough and the house in Hopkinton, by which it was

secured, appears to have been a sufficient consideration for the note. When the note is paid, or when the money secured by the note is paid, it will be the duty of Grimes to make that assignment in a form that shall be effectual, by assigning the note to the defendant if necessary, or by other means.

What may be the value of that security does not appear, and is wholly immaterial. For anything that does appear, it may amount to a full indemnity. Grimes' agreement to assign that security is a sufficient consideration for the note. If he has deprived himself of the power of performing his agreement, he may be answerable in damages. No such fact, however, is shown by the case. There must therefore be

*Judgment on the verdict.*