## Thompson *v.* Briggs & *a.*

A promissory note, given by the surviving partners, for an acccount against the firm, is not a payment of it unless it be agreed to be received as such.

A receipt of the account by the creditor, thus : " Rec'd note of " (the surviving partners,) will not give it the effect of a payment.

Assumpsit.   The defendants are sued as surviving part-ners of the late firm of James Briggs & Brothers, consisting of the defendants and Joshua Briggs and John Briggs, and the declaration contains only one count, a copy of which is as follows :

In a plea of the case for that the said James Briggs and John Andrew and Joshua Briggs and John Briggs, in the life time of the said Joshua Briggs and John Briggs, on the thirteenth day of September, in the year of our Lord eighteen hundred and forty-six, then doing business under the firm of James Briggs & Brothers, as partners at said Holderness, being indebted to the said Thompson in the sum of five hundred dollars, for divers services before that time, per-formed for them at their request, and for moneys paid out for them in and about their said business, all of the value of five hundred dollars, then and there as partners aforesaid, promised the said Thompson to pay him said sum on de-mand.    Yet though often requested, said sum was not paid in the life time of said Joshua Briggs and John Briggs, nor since, and the said defendants still neglect to pay it.

Joshua Briggs died October 1, 1846, and John Briggs February 23, 1848 ; that after the death of Joshua and also of John the business of the original firm was continued by the surviving partners, under the same firm, except on the death of John, it was changed to James Briggs & Brother.

The services, disbursements and other items, as charged on the account filed as a specification, which may be refer-red to in the argument, were properly charged to and justly

due from the firm or firms as existing at the date of said charges.

On the third day of December, 1850, the defendants, still doing business as partners, under the firm of James Briggs & Brother, the plaintiff made out his account against the defendants, by the name of James Briggs & Brother. The first charge was under date of June 10, 1843, the last under date of December 11, 1848, with interest cast to October 17, 1850, which account contained charges for business done for defendants and Joshua Briggs and John Briggs, during their respective lives, and defendants since their decease.

On the third day of December, 1850, the account was adjusted as follows: the defendants gave their note to the plaintiff for four hundred dollars, for the balance due on said account, and the plaintiff receipted said account, as follows:

" Rec'd note of James Briggs & Bro., dated Oct. 17, 1850, for above.

W. C. Thompson.

Dec. 3, 1850."

The parties, on these facts, submitted to the opinion of this court whether the jury would be authorized to find from the above facts payment of the account. It was agreed that judgment be entered for the plaintiff for such amount as the court may direct, or for the defendants, as the court may determine.

*H. A. Bellows*, for the plaintiff.

*Quincy*, for the defendant.

Woods, J. A part of the claim in suit was the proper debt of the defendants only; the residue of it was a debt against them as surviving partners of the late firm of James Briggs & Brother. Was the note of James Briggs &

Thompson *v.* Briggs.

Brothers, the present defendants, which was received for the entire account, a payment of it, or alone competent evidence of that fact? The only facts relied upon as furnishing such evidence, are the making of the note and receipt stated in the case. The entire claim of Thompson may well be regarded as being the proper debt of the defendants, who were alone personally liable for the entire payment of it.

The general rule, as settled in this State, undoubtedly is, that a promissory note is not payment of a preëxisting debt, unless it be agreed to be received as such.

In *Wright* v. *The Union Crockery Ware Co.* 1 N. H. Rep. 280, it is said that "if a creditor receive the note or bill of his debtor, or of a third person, indorsed by the debtor, either for a precedent debt, or a debt arising at the time, it is not presumed to have been received in satisfaction."

The same principle is recognised in *Elliot* v. *Sleeper*, 2 N. H. Rep. 525. The same question arose in *Jaffrey* v. *Cornish*, 10 N. H. Rep. 505, and was then elaborately considered, and the authorities reëxamined, with a similar result. Indeed, it is quite clear that this is the common law doctrine, and that the decisions in England are in conformity with it, and are uniform upon this point. The same principle has been sanctioned by a uniform current of decisions in the supreme court of the State of New York. We have found no cases, giving any countenance or sanction to a different view of the question, excepting in Massachusetts and in Maine, in which it is said that a different rule of law exists, making the note of a party, given for a precedent debt, presumptive evidence of the payment of it. *Wise* v. *Hilton*, 4 Greenl. 435; *Homes* v. *Smyth*, 4 Shep. 177. But, in the decisions in both those States, the common law doctrine upon this subject is recognized as being in conformity with the rule as already laid down in the decisions in this State.

Does the case under consideration form an exception to the well settled rule in this State? So far as the debt for

Thompson *v.* Briggs.

which the note was given was originally the sole debt of the defendants, no doubt can exist. That is the precise case which has been several times decided in this court. And, we think, that the residue of the debt, in principle, stands upon the same ground. That was, at the time of the giving of the note, the proper debt of these defendants, for which they were liable to the plaintiff. They were liable solely by survivorship. No change has been effected in the condition of the defendants, in relation to the original debt, by reason of the giving of the note, unfavorable to them. At least, nothing of the kind appears, and there are no facts from which it can be inferred. This is not like the case where the creditor took the separate bill of one of two partners, who had given a joint bill of exchange for a partnership debt, after the partnership was dissolved, and the other was holden to be discharged. Nor is it like the case where a creditor takes the note of the agent of the debtor, and gives his receipt as for money received from the principal, and the principal deals differently with the agent from what he would otherwise have done. In such case, the debt of the principal is discharged. In the case under consideration, it is apparent that the plaintiff has been in no way benefitted, and that the defendants have been in no manner injured by reason of the giving of their note to the plaintiff. The case, therefore, is simply that of a *debtor's giving* his promissory note for a preëxisting debt, which will not discharge the debt, unless there is an agreement of the parties that it shall have that effect. *Johnson* v. *Cleaves*, 15 N. H. Rep. 332. The note, in the present case, was not, therefore, a payment of the amount declared on in this action, and there must be

*Judgment for the plaintiff.*