## COBURN v. ODELL.

A promissory note imports a consideration, and that presumption is to stand until the contrary is shown.

The penalty attached to the sale of spirituous liquors without license implies a prohibition, and the consideration agreed to be paid upon the sale cannot be recovered by suit at law.

Where a part of the consideration of a promissory note is illegal, and the contract is entire, an action cannot be sustained upon the note for any part of the amount.

Where O. gave a promissory note to C. for $2,190, on the settlement of an account for board and for spirituous liquors, and the amount for which the liquors were sold was uncertain—*held*, that if it should be shown that the liquors were sold without license, an action could not be sustained on the note.

The limitation fixed by section 9, chapter 211 of the Revised Statutes, which provides that " all suits or prosecutions founded upon any penal statute, which are wholly or in part for the use of the prosecutor, shall be brought within one year, and all other suits or prosecutions on such statute, within two years after the commission of the offence, unless otherwise specially provided," applies to those suits or prosecutions only where the penalty, either in whole or in part, goes in the first instance to the prosecutor.

That section does not apply to the statute of 1838, regulating the sale of spirituous liquors, nor to the Revised Statutes upon that subject.

A witness is not bound to disclose any facts, or answer any questions which will expose him to a criminal prosecution.

If a witness discloses part of a transaction in which he was criminally concerned, without claiming his privilege, he must then proceed and state the whole; but if what he discloses is not clearly a part of the transaction, he should not be compelled to proceed.

A promissory note is not payment of a preëxisting debt, unless there be an agreement to receive it as such.

ASSUMPSIT, to recover the balance due upon a note, dated January 1, 1843, for the sum of $2,190, signed by the defendant, and payable to the plaintiff or order, on demand, with interest; and indorsed, March 27, 1851, $1,200, and June 3, 1851, $200. A receipt had also been given for a sum to be applied on the note.

Plea, the general issue.

The defendant asked that the plaintiff should be examined as a witness, and he was placed upon the stand by the

plaintiff's counsel, and was sworn, without making any ob-jection, by himself or council.

He was then requested by the defendant's counsel to state what was the consideration of the note, and replied that it was given for "board and so forth." His counsel then asked the court to instruct the witness that he was not bound to criminate himself. The instruction was given as desired, and the witness was at the same time told that if he an-swered as to any part of the consideration, he would waive his privilege, and might be obliged to answer all questions in respect to the consideration of the note. The witness, then, in reply to further questions, testified that the defend-ant boarded with him for several years prior to the date of the note, and that he charged him for his board a part of the time $4, and a part $5 per week.

The witness was asked to produce his books of account. His counsel then requested the court to instruct the witness that if his books would show that he had sold the defendant spirituous liquors, contrary to law, he would not be com-pelled to produce them. The defendant's counsel contended that the witness had gone too far to stop, and also contend-ed that all illegal sales prior to 1843 were protected by sec-tion 9, chapter 211, of the Revised Statutes.

The court directed the plaintiff to answer, and state the whole consideration of the note, and his counsel excepted.

He testified that at the date of the note he settled with the defendant, and the balance due him upon account was $1,816,96; that this account included "about $80" for brandy and wine, which he had furnished the defendant at different times in small quantities, such as glasses of brandy and bottles of wine; and also included notes that were given up to the defendant, in the settlement, and that a part of the consideration of these notes was spirituous liquors of different kinds, sold in small quantities; but how large a part he could not tell.

The account was of long standing. A "general deduc-

Coburn *v.* Odell.

tion" from it of eighty dollars, or over, was made, and interest was added to the account.

It appeared that the plaintiff had no taverner's or retailer's license, but he proved that he was a lessee under the proprietors of the Rockingham House, and he relies upon the second section of their act of incorporation, granted July 24, 1834, which is as follows:

Sec. 2. Be it further enacted, that the said corporation, for the sole purpose of keeping a public boarding house and hotel, for the general entertainment and accommodation of strangers, travellers and customers, are hereby authorized and empowered to receive, hold and enjoy all such real and personal estate, whether houses, lands, buildings, stables, cattle, horses, carriages, furniture, provisions or otherwise, to any amount not exceeding forty thousand dollars, and to make all such rules, regulations and by-laws, (not inconsistent with the laws of the State,) and to appoint, employ and discharge all such officers, agents and servants as may be necessary and proper for the suitable managing, regulating and carrying on their said business, and every part and department thereof, in such manner as may from time to time be required by the demands and exigencies of the same.

A verdict was taken by consent for the balance due upon the note, without any deduction on account of the liquors, upon which verdict judgment is to be entered, or the verdict is to be set aside and a new trial granted, or judgment is to be entered for the defendant, according to the opinion of the superior court upon the foregoing case. And it was ordered that the questions arising upon the case be transferred to the superior court.

*Emery* and *Marston*, for the defendant.

I. The first question arising is, was the decision of the court correct in directing the plaintiff to answer fully as to the consideration of the note?

Coburn *v.* Odell.

The plaintiff having, at the request of the defendant, without objection, taken the stand and made himself a witness in the cause, could decline to answer only upon the ground that his answers would criminate himself; that is, expose him to a prosecution for the sale of liquor.

The note was given January 1, 1843. It was given for an account of the plaintiff against the defendant accruing prior to that date, and in which was embraced liquors sold in small quantities, such as glasses and bottles.

One of the acts of New Hampshire, in force during the time the account accrued, was that of July 7, 1827, which subjects the seller of liquor without license, in quantities less than one gallon, to a penalty, and therefore prohibits its sale. 1 N. H. Laws, 1830, p. 482.

This act continued in force until 1838, when an act was passed prohibiting the sale in any quantity, by any person, without license, and making some slight alteration in the penalty, and repealing the third section of the act of 1827; which repeal does not affect the question under consideration. 2 N. H. Pamphlet Laws 338.

The Revised Statutes condensed and reënacted the provisions of the acts of 1827, as amended by the act of 1838. Rev. Stat. ch. 117.

The penalties incurred by the violation of the above acts cannot be enforced unless a prosecution is commenced within two years after the commission of the offence. Rev. Stat. ch. 211, § 7; *State* v. *Robinson*, 9 Foster's Rep. 274.

As two years had passed after the sale of the liquor, the price of which was contained in the note, the plaintiff could not be subjected to any penalties.

The Revised Statutes went into force in March, 1843. Rev. Stat. ch. 230, § 1.

At the time of the sale of the liquor and giving the note, the acts of 1827 and 1838 were in force; both of these acts were repealed by the Revised Statutes, 485, 493. Consequently the plaintiff could not, at the time he testified, have

been indicted for any violation of those acts.  *Sumner* v.
*Stewart*, 2 N. H. Rep. 39; *Leighton* v. *Walker*, 9 N. H.
Rep. 59; *Lewis* v. *Foster*, 1 N. H. Rep. 61.

The direction of the court was therefore correct.

II.   The defendant contends that the note declared on
was void, and cannot be collected, for the reason that the
same was given in part payment for spirituous liquors, the
sale of which was unlawful by the acts of 1827 and 1838,
above named.

1.   When a statute imposes a penalty for the commission
of an act, the act is prohibited.   The contract for the sale of
spirituous liquors is therefore prohibited, illegal and void.
*Lewis* v. *Welch*, 14 N. H. Rep. 294; *Caldwell* v. *Went-
worth*, 14 N. H. Rep. 431; *Pray* v. *Burbank*, 10 N. H.
Rep. 377; *Roby* v. *West*, 4 N. H. Rep. 287.

The subsequent repeal of the acts of 1827 and 1838 did
not render the sale made while they were in force, legal or
valid.   *West* v. *Roby*, 4 N. H. Rep. 285.

A note given for money knowingly lent to suppress a
criminal prosecution, or the evidence thereof, is void, and
cannot be collected.   *Plumer* v. *Smith*, 5 N. H. Rep. 553;
*Shaw et als.* v. *Spooner*, 9 N. H. Rep. 197.

When a part of the consideration of a promissory note
is illegal, the whole contract is void.   *Carleton* v. *Whittier*,
5 N. H. Rep. 196; Chit. on Con. 536 c.

A negotiable note given *in part*, on an agreement by the
payee not to further prosecute the maker on a complaint for
adultery with the wife of the payee, and *in part* in settle-
ment of damages to him civilly, is void to the whole in the
hands of the payee.   *Clark* v. *Ricker et als.*, 14 N. H. Rep.
44; *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225.

If a part of the consideration of a note be spirituous
liquors, sold in violation of the statute, such note is wholly
void.   *Deering* v. *Chapman*, 22 Maine Rep. 488.

2. The general deduction, upon the settlement of the ac-
count, cannot make any difference, as the deduction was

not intended at the time, or understood by the parties to apply to the amount charged for the liquor.

Neither did the deduction apply to the notes which were given up at the time the note in suit was given, the consideration of which was in part spirituous liquors. The note in suit then having unquestionably been given in part for the price of spirituous liquors, was void as to the whole, and cannot be collected.

3. The payments made upon the note do not alter the case, because, at the time of the payments, the whole amount of the note was on its face due, no application of the payment was made by either party to any particular portion of the note; if any application is necessary in such case, the law will apply it to that part of the consideration of the note which was legal. *Caldwell* v. *Wentworth*, 14 N. H. Rep. 431; *Deering* v. *Chapman*, 22 Maine Rep. 488.

4. The note was void as to the whole, not voidable. No part payment, therefore, could make it good.

A distinction exists between contracts which are voidable, or where the remedy is suspended by a positive rule of law, as in cases of bankruptcy, infants, and the statute of limitations, and contracts which are void. In the former case, the contract may be ratified or renewed by a new promise, so as to make it available, but in the latter, the contract can in no way be made good; it never had any vitality, not being sustained by any legal consideration; it is a *nudum pactum*, and therefore void. Broom's Legal Max. 343; *Meyer* v. *Haworth*, 8 Adol. & Ellis 467.

III. The act incorporating the Rockingham House, and the lease by them to the defendant, did not authorize him to sell liquors.

1. The act did not authorize the corporation to sell.

The act of June 14, 1791, authorized those having a tavern license to sell liquor. Laws of N. H. 372, ed. of 1815; *Wason* v. *Severance*, 2 N. H. Rep. 501.

The act of 1791 was repealed by the act of 1827. In the

*State* v. *Fletcher*, 5 N. H. Rep. 258, there was an indict-
ment against Fletcher for keeping a tavern without a li-
cense.   The question was whether the fine imposed for sel-
ling liquors without a license could be imposed on him, and
the court held that it could not.   The court say, it is the
business of a taverner to provide food, drink, lodging and
other accommodations for his guests, but this business may
be exercised without selling spirits or wine in small quanti-
ties.   The sale of mixed liquors is, without doubt, a part of
the common business of taverners, but it is not necessa-
rily so.

Under the act of 1827, a taverner's license would not au-
thorize the sale of liquors, unless that privilege was named
in the license.   *Commonwealth* v. *Jordon*, 18 Pick. 228.

The authorizing the keeping of a boarding house and
hotel, then, does not necessarily include a license to sell
liquors.   The court will not presume that it was the inten-
tion of the legislature to give in the act of incorporation
such license, as by so doing, they would directly contravene
a positive law of the State.

The legislature evidently did not intend to give any such
license, as they have specified the kinds of personal prop-
erty which the corporation may hold, and liquors are not
named.   Again, the act authorizes the corporation to make
any by-laws not inconsistent with the laws of the State.
As the legislature were so careful as to the by-laws, it can-
not be presumed that in the act itself they included provis-
ions inconsistent with the laws of the State.

2. If the corporation had, by their act of incorporation, a
license to sell liquor, it was a privilege that they could not
lease or delegate to any other corporation or person.

Where a power is given which reposes a personal trust
and confidence in the donee of it, to exercise his own judg-
ment and discretion, he cannot refer the power to the execu-
tion of another.   Sug. on Powers 213, 214.

The very reason for granting a license to sell liquors is,

that suitable persons may be selected, in whom trust and confidence may be reposed.

A license to cut timber on the lands of the grantor is not assignable, for the reason that the grantor might repose a confidence in the one which he would not extend to the other. *Emerson* v. *Fisk et als.*, 6 Greenl. Rep. 200, 205.

A delegated power cannot again be delegated. Broom's Max. 384, and cases there cited.

If the Rockingham House had the privilege, power, authority or license, by virtue of their charter, to sell liquor, they could not delegate it to the plaintiff.

*Hatch* and *Webster*, for the plaintiff.

This action was brought to recover a balance due upon a promissory note, given principally for board, which the defendant seeks to avoid, on the ground that about $80 of the consideration was for brandy and wines, furnished to the defendant at different times, in small quantities, by the plaintiff.

I. The case does not show when the account on which the note in question is founded, accrued; nor that any license law was in force at the time. The court will not intend any thing to supply the omission in defendant's proof, for the defendant unjustly seeks to avoid an honest debt, by a technical and dishonorable defence.

II. The plaintiff was improperly compelled to answer as a witness, in a matter criminating himself.

1. If, in the sale of spirits to Odell, he violated any statute, he is still liable to prosecution. No limitation applies to prosecutions under the license law. Rev. Stat., ch. 211, § 9, does not bear so broad a construction as to include them. If it does, all indictments are barred in this State in two years, which has not been understood to be the law. *State* v. *Robinson*, cited by the defendant, was a case in which part of the fine might go to the prosecutor.

But this court cannot try, thus incidentally, the question

whether the plaintiff has any good defence to the prosecution to which his testimony may have exposed him. He is certainly liable to indictment, if he has violated any law, and this is his protection against testifying. The court cannot now inquire whether acute counsellors can devise for him any sufficient defence. He may have been (and in fact has been many years) out of the State. The general court may repeal the limitation. He may be unskilfully defended. The law protects him from exposing himself to prosecution, without regard to the probable results of it.

The repeal in the Revised Statutes does not bar the prosecution. Rev. Stat., ch. 230, § 6, p. 475; do., ch. 1, § 27.

2. The plaintiff seasonably claimed the protection of the court. He made no statement as to the consideration of the note, voluntarily, after the court gave him the usual caution. The duty of the court is to protect and not to entrap witnesses. It is evident from the whole case that the plaintiff did not voluntarily answer to any thing that tended to criminate himself. The answers he voluntarily made do not refer to any part of the forbidden transactions. *Amherst* v. *Hollis*, 9 N. H. Rep. 109.

III. If the laws, in violation of which it is *assumed* the liquors referred to in the case were sold, were repealed by the Revised Statutes, then, at the date of note, no law existed which affected previous sales of spirits, and no part of the consideration of the note was illegal. The act of 1827 was repealed by Rev. Stat., Dec. 23, 1842. The note bears date January 1st, 1843.

IV. This note is not shown to be in any part founded on any illegal consideration. The liquors which plaintiff sold to Odell amounted to about $80. A deduction to this amount, or more, was made from the account for which the note was given. It is but fair to say that this deduction was made on account of these illegal sales. Plaintiff has a right so to apply it. And the law intends it, for the law will put such construction, if possible, on every man's acts as

will make them consistent with the laws, and will promote common justice; and no reason is shown for any other deduction. At any rate, plaintiff is entitled to have the verdict of a jury on this question. And the verdict being, by consent, in his favor, it must be taken to have been admitted that they would have found for plaintiff on this point. *Philpott* v. *Jones*, 4 Nev. & Man. 14; 2 Adol. & Ellis 41.

V. But if the note did include the price of unlicensed liquors, the consideration of the note fails only *pro tanto*.

The unlawful part of the consideration is distinguishable and subject to accurate computation. In the cases cited by defendant, the criminal consideration was so mingled in the note that the other consideration could not be separated.

Such are the cases of *Carleton* v. *Whitcher*, 5 N. H. Rep. 196; *Plumer* v. *Smith*, 5 N. H. Rep. 555; *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225; *Clark* v. *Ricker*, 14 N. H. Rep. 44. In all this class of cases, the sound part of the consideration of the note was not distinguishable or susceptible of computation.

*Deering* v. *Chapman*, 22 Maine Rep. 488, does indeed go farther, but that decision, to its extent, is not supported by the authority of any other tribunal, nor by sound reason. The very cases cited in the opinion of the court, demonstrate the opposite rule, and their force is not overcome by any attempt at reasoning, on the part of the judge who pronounced the decision.

The true rule, that the note is not void unless the consideration be entire in its nature " and not capable of separation," is laid down in Chitty on Contracts 536, c.

*Dawson* v. *Remnant*, 6 Esp. 24, decided by Lord *Mansfield*, is directly in point, that in such a note a recovery may be had to the extent of the lawful consideration.

*Cruikshank* v. *Rose*, 5 Car. & Payne, was, in its circumstances, almost precisely like the case at bar, and establishes the rule contended for by the plaintiff.

The question has likewise been settled directly and in the

same way in Pennsylvania.  *Yandt* v. *Roberts*, 5 Serg. & Rawle 139.

A promissory note is merely evidence of an existing debt, and does not, in this State, destroy, alter, or pay the debt. *Johnson* v. *Cleaves*, 15 N. H. Rep. 332.  Our courts habitually look into the consideration of notes, and award judgment only for so much as is shown to be good.  In *Drew* v. *Towle*, *ante* 531, this court determined that partial failure of the consideration of a note may be shown as a partial defence to a suit on the note.

Reason and common justice favor the construction contended for.  The courts refuse to give effect to illegal contracts, not to favor the defendant, for such a defence " is never very creditable to the party who makes it," says Judge Gilchrist, but from a regard to the law.  *Lewis* v. *Welch*, 14 N. H. Rep. 298.  And the law does not require any such penalty as the defendant now asks in his own favor.  The courts go to the full extent of a questionable construction of the law, when they refuse to permit a party to recover the price of his goods, because sold in violation of some license or inspection law.  They might as well refuse to permit a recovery for other goods contained in the same account, or claimed in the same writ, as to make void the whole of the note, because a distinguishable part of its consideration is bad.  Such a rule would, in principle and effect, be the same as to declare that no man who has, at any time, sold unlicensed goods to another, shall recover any thing against him, on any transaction.  No sound principle requires any such encouragement to rascality, or any such addition to fixed and limited statute penalties.

The consideration objected to in the present note is not immoral, nor prohibited, except so far as made so by a licensing statute.  And that statute did not prohibit sales of spirits, but only required them to be sold under license.  And there is a broad distinction between things merely prohibited, and acts *mala in se*.  If goods are sold in violation

Coburn v. Odell.

of a license law, a definite penalty is incurred, and, by what seems to be the settled law of the courts, the seller cannot recover the price of his goods, if the buyer is base enough to avail himself of such a defence. But there the penalties end; neither law, or justice, or sound policy require them to be extended further.

VI. Large payments have been made upon this note, which extinguish any pretended illegal part of the consideration. The defendant was under moral obligation to pay for his drink. If he has paid, the court will not disturb the payment, nor enable him to recover the money. The plaintiff chooses so to apply the payments, and it is his right so to do. *Cruikshank* v. *Rose*, 5 Car. & Payne 21, is directly in point. *Philpott* v. *Jones*, 4 Nev. & Man. 14; 2 Adol. & Ellis 41.

The defence set up to his suit is in the highest degree inequitable and dishonorable, and this court cannot make any presumptions in aid of it.

VII. Under the count for money had, in the declaration, the plaintiff may recover, using, if necessary, the note as evidence of the promise, &c. If the defence set up can avail, it is only against a recovery technically on the note; it cannot prevent a recovery of that part of the original debt which was lawful.

And plaintiff may amend and insert, if necessary, suitable counts, to recover the original considerations of the note. And should the opinion of the court require it, he will ask leave to do so.

VIII. The act incorporating the Rockingham House substantially gives to its occupants a license as inn-keepers, and this license necessarily extends to the tenants and servants of the corporation.

EASTMAN, J. The plaintiff had a good *prima facie* cause of action; a promissory note, given to him by the defendant, and expressing upon its face a valid consideration; a

value received. A promissory note imports a consideration, and that presumption is to stand until the contrary is shown. *Horn* v. *Fuller,* 6 N. H. Rep. 511; 2 Stark. Ev. 280; 9 Johns. Rep. 217; *Adams* v. *Hackett,* 7 Foster's Rep. 293.

To defeat the action, the defendant undertook to show that the note was given, in whole or in part, for spirituous liquors sold contrary to law, and without license. Was this defence shown by competent and legal evidence? If it was, it would be good, at least *pro tanto ;* for it must be regarded as settled in this State that the consideration to be paid for spirituous liquors sold without license cannot be recovered. The sale being prohibited by statute, and the vendor being liable to a criminal prosecution for the selling, the traffic is made illegal, and contracts in respect to it cannot be enforced. Wherever an indictment can be sustained for the illegal sale, there the price cannot be recovered. The penalty attached to the sale implies a prohibition. *Pray* v. *Burbank,* 10 N. H. Rep. 377; *Caldwell* v. *Wentworth,* 14 N. H. Rep. 431; *Lewis* v. *Welch,* 14 N. H. Rep. 294; *Roby* v. *West,* 4 N. H. Rep. 287.

Assuming that the facts stated in the case were legally proved, it appears that this note was given in part for spirituous liquors, but to what amount is left in uncertainty. The note itself was given for $2,190. At the date of it, an account of $1,816,96, was settled, which formed a part of the consideration, and in that account was included the sum of about eighty dollars for brandy and wine. A further consideration of the note was the giving up of other notes, a part of the consideration of which was spirituous liquors of different kinds, sold in small quantities; but how large a part is left to conjecture. Upon such a state of facts, if the sales of the liquors were made without license, the authorities in this State settle the question that the note could not be recovered. The note was an entire contract; a promise to pay the plaintiff $2,190, which was for board and liquors. The amount of the sales of the liquors was uncertain and

indefinite. The various sums for board and liquors were all put together, and the promise to pay the whole was one entire undertaking; and where the contract is entire, and a part of the consideration illegal, an action cannot be sustained upon the note for any portion of the amount. *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225; *Clark* v. *Ricker & a.*, 14 N. H. Rep. 44; *Shaw & a.* v. *Spooner*, 9 N. H. Rep. 197; *Carlton* v. *Whitcher*, 5 N. H. Rep. 196.

If, then, the liquors were illegally sold without any license, taking the facts to be as stated in the case, the defence to the note would be good. We have not thought it necessary to examine the question whether the plaintiff could legally sell under the Rockingham House charter, and are content to leave that point upon the argument of the counsel. If he could sell under that charter, then the sales to the defendant were legal, and if he could not so sell, then he would be entitled to his protection as a witness. The whole defence rests upon the ground that the sales were illegal, and if that be not so, the defence at once fails. We must, therefore, start with the fact that all sales of liquors made to the defendant were illegal, otherwise there is nothing to examine in the case. With that fact as a basis, was it proved by competent evidence that the plaintiff made sales to the defendant, and that the amount of those sales formed a part of the consideration of the note in suit?

All that was proved in regard to the matter was shown by the testimony of the plaintiff himself; who, as we think, was improperly ordered by the court to "state the whole consideration of the note." This ruling appears to have been made upon two grounds; first, that the witness having disclosed a part of the subject matter in regard to the consideration of the note had forfeited his privilege and was obliged to state the whole; and, second, that he was not liable to prosecution for the sales at the time of the trial, being protected by section 9, chapter 211 of the Revised Statutes.

Examining the latter ground first, we find the section re-

ferred to, to be as follows : " All suits or prosecutions found-
ed upon any penal statute, which are wholly or in part for
the use of the prosecutor, shall be brought within one year,
and all other suits or prosecutions on such statutes, within
two years after the commission of the offence, unless other-
wise specially provided."

This section, when taken in connection with the preced-
ing one, which provides that where the statute gives the fine
or forfeiture to the prosecutor, and no person shall prosecute
therefor within the time limited by such statute, an informa-
tion may be filed or an indictment found within one year
after such limitation shall expire, and the penalty go to the
county, means that the prosecutions embraced by the sec-
tion are those which are founded upon statutes giving the
penalty in the first instance, either in whole or in part, to
the prosecutor. And where the suits or prosecutions on this
class of statutes are not brought within one year, all other
suits or prosecutions on *such* statutes must be brought
within two years after the commission of the offence. The
limitation of two years is to " *such* statutes "—those where
the fine or forfeiture in the first instance goes to the prose-
cutor.

The statute regulating the sale of spirituous liquors is a
general one. The fine does not go to the prosecutor in any
event, but to the county ; and its provisions in this respect
do not vary from other general statutes punishing crimes.
And we see no reason why, if the limitation of two years
can properly apply to the statute upon the subject of li-
censes, it may not also apply to all other general statutes af-
fecting criminal offences. Upon this ground we think the
ruling was wrong. The plaintiff was liable to be prose-
cuted if he had violated the license law.

The rule in regard to the second ground is this : " A wit-
ness is not bound to disclose any facts, or answer any ques-
tion, which will expose him to criminal prosecution. And
he is not bound to testify to any particular fact, if a full ac-

count of his knowledge of such fact will so expose him. If the fact to which he is interrogated forms but one link in the chain of testimony which is to convict him, he is protected. But if he discloses part of a transaction, in which he was criminally concerned, without claiming his privilege, he must then go forward and state the whole. And whether the answer will tend to criminate him, is a point which the court will determine under all the circumstances of the case, but without requiring him fully to explain how it will criminate him. Unless the court can see that he will not be criminated, the privilege will be recognized and protected. *Janvrin* v. *Scammon*, 9 Foster's Rep. 280 ; *People* v. *Mather*, 4 Wend. 229 ; *Marshall*, C. J., in 1 Burr's Trial 244 ; 1 Greenl. on Ev. § 451 ; *State* v. *K.*, 4 N. H. Rep. 562 ; *State* v. *Foster*, 3 Foster's Rep. 348, and authorities cited.

It is quite evident that the plaintiff was put upon the stand under a misapprehension of the requirements of the act of January 7, 1853. Comp. Stat. 437. That act contains provisions for parties to suits to testify as therein stated on the requirement of the opposing party. Different views of the meaning of the statute have been taken by members of the profession, and it is understood that a different construction has been put upon it by the bar in several of the counties. The court, however, have endeavored to settle it, and have at the present term, in *Lovejoy* v. *Jones, ante* 164, decided that the statute applies to cases which have been referred to commissioners, and not generally to all actions. Had the counsel taken this view of the law, it is not to be supposed that the plaintiff would have gone upon the stand as a witness. He would hardly have volunteered to defeat his own action, and his counsel would not have consented to his testifying as a witness. It might, perhaps, be said here, that going upon the stand under a misapprehension of his obligation to be a witness, he could not be compelled to testify when he objected ; that not being obliged to testify at all, he should have been relieved as soon as he

made the objection. But we do not place our decision upon this ground. Upon the general principles stated, the plaintiff ought not to have been compelled to " answer and state the whole consideration of the note." After he was cautioned he made no statement as to the note, but only answered the question that the defendant had boarded with him before the note was given, for which he charged him sometimes four and sometimes five dollars per week. He did not say that this board formed a part of the consideration of the note. Probably it did, but still he may have been paid therefor at the time. He in fact said nothing about the consideration, and the question answered was evidently drawn out from him by the defendant. If a witness purposely states a part of the transaction, such as will make for him or the party calling him, even though but slightly, he should not be protected ; but where it is apparent that he intends to disclose nothing that may require his going farther, and what he does disclose may well enough stand without affecting the point at issue, and, moreover, is drawn out by questions where the full effect of the answers cannot readily be seen by him, his privilege should not thereby be taken from him. If it is, it can be worth but little ; for very few witnesses, without the fullest instruction, could, upon the spur of the occasion, readily apprehend the effect of their answers to many questions that shrewd counsel might put ; while the counsel themselves might be well aware that the answers would lead directly to the point desired. Here the witness evidently did not understand that what he stated had anything to do with the consideration of the note. Neither did his counsel; and our impression is that the court must have ordered him to proceed more upon the ground already considered that the prosecutions for the sales were barred by the statute limitation of two years, than with the belief that he had waived his privilege by what he had stated. But upon whichever ground the ruling was made, we think it was erroneous. No subject can be

compelled to accuse or furnish evidence against himself. Const. N. H. Part 1, § 15.

The testimony, then, by which it was shown that the consideration of the note was in part illegal, being itself incompetent and illegal, the defence fails. It stands as though no evidence whatever had been offered for the defendant; the plaintiff being the only witness called.

By far the larger part of this note was undoubtedly founded upon the plaintiff's account for boarding the defendant, and could be recovered upon a general indebitatus assumpsit count. A promissory note is not payment of a preëxisting debt, unless there be an agreement to receive it as such. *Jaffrey* v. *Cornish*, 10 N. H. Rep. 505; *Johnson* v. *Cleaves*, 15 N. H. Rep. 332; *Smith & a.* v. *Smith & a.*, 7 Foster's Rep. 244; *Thompson* v. *Briggs & a.*, 8 Foster's Rep. 40; *Muldon* v. *Whitlock*, 1 Cow. 290; *Schermerhorn* v. *Loines*, 7 Johns. 311; *Thompson* v. *Percival*, 5 B. & Ad. 925; *Reed* v. *White*, 5 Esp. 122; *Brown* v. *Kewley*, 2 B. & Pul. 518.

This suggestion can only be important in the event of there being further litigation between the parties. As the case now stands, the defence relying solely upon the testimony of the plaintiff, and that being improperly admitted, there must be,

*Judgment on the verdict.*