## CARLIN & HARNEY v. HELLER.

1. Intoxicating liquors: PAYMENT: PROMISSORY NOTE. A person to whom intoxicating liquors have been sold in violation of the prohibitory liquor law, may, in an action against the seller, recover the amount of any and all payments made by him therefor.

2. —— But the giving of a note to the seller does not amount to such payment, and the buyer cannot recover the amount thereof until he has paid it.

3. —— That the note was transferred to a third party by the seller, and is still outstanding, does not change the rule.

*Appeal from Scott District Court.*

MONDAY, JUNE 14.

ACTION by plaintiffs to recover the consideration paid by them to defendant for intoxicating liquors, sold in violation of law by the defendant to the plaintiffs, who also purchased the same for a re-sale in violation of law. Trial to a jury resulting in a verdict and judgment for plaintiffs for $385.33. The defendant appeals.

*Martin & Murphy* for the appellant.

*Brown, Campbell & Sully* for the appellees.

COLE, J. — The evidence in the case tends to show that the plaintiffs from February to October, 1869, were partners in the business of keeping a saloon in Iowa city, and selling therein intoxicating liquors by retail in violation of law; that they purchased several small bills of liquors from the defendant, who was at the time engaged in selling intoxicating liquors contrary to law in Davenport; that they paid cash for the small bills purchased; but in June, 1869, they purchased a bill of $300, and for which they gave their note; that a mortgage was given upon certain real estate, to which the mortgagors had no title, to secure the payment of the note; that the note had been transferred by the defendant to a third person, but whether such transfer was before or after maturity, or whether the transferee was a *bona fide* purchaser does not appear; an action was brought by such transferee against plaintiffs, who defended on the ground that the note was given for intoxicating liquors sold in violation of law, of which the plaintiff therein had notice. Whether the cause was ever tried does not appear, but no part of the note has ever been paid, and the makers are insolvent and have no property. Plaintiffs demanded $500 before bringing suit. The defendant asked the court to instruct the jury that " the plaintiffs are not entitled to recover for the amount of the $300 note given defendant for intoxicating liquors, until they show that said note has been paid, or that the plaintiffs are responsible, and that said note can be collected of them." This, the court refused, but did instruct the jury that, " if the plaintiffs executed their promissory note for the sum which was agreed to be paid for such liquors, this would not be a payment strictly; it is but a promise to pay; and if such note is held by the payee thereof, it is utterly void and no recovery can be had thereon by him. But, if such note was given, and has been transferred, and is in the hands of an innocent holder, then · such note may be· sued and judgment recovered

thereon by such innocent holder, and such note will be presumed to be worth the sum for which it was given, and unless such note is produced and surrendered to the plaintiffs, they will be entitled to your verdict in this action for the amount of such note."

Our statute not only makes the sale of intoxicating liquors unlawful, and all sales, securities, etc., null and void, but it also enacts that "all payments or compensation for intoxicating liquors sold in violation of the act, whether such payments or compensation be in money, goods, land, labor or any thing else whatsoever, shall be held to have been received in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver in considera·tion of the receipt thereof, to pay on demand to the person furnishing such consideration, the amount of said money or the just value of such goods, land, labor or other things."

The right to recover whatever the plaintiffs have paid the defendant for intoxicating liquors, sold them in violation of law, cannot, under our statute, well be questioned. The only proposition for our determination in the case is, whether the giving of their note by the plaintiffs to the defendant, was a *payment*.

The rule is too well settled to require any argument to vindicate it, or the citation of authorities in detail to support it, that the giving of his own note by the purchaser of property, is not a payment therefor. 2 Pars. on Notes & Bills, 150, and cases cited in note (a). While it is not a payment, nevertheless such giving of a note operates to extend the credit, and to suspend the right of action for the value of the property, till the maturity of the note. *Schermerhorn* v. *Loines*, 7 Johns. 311, and cases cited in the note; *Putnam* v. *Lewis*, 8 id. 389; *James* v. *Williams*, 13 Mees. & Welsb. 828; *Okie* v. *Spencer*, 2 Whart. 253. And even a judgment upon such note will not discharge the original debt until it is paid. *Tarleton* v. *Allhessan*, 2

Ad. & Ell. 32. Nor will such note be payment, if the holder discount it, provided he afterward has to pay it. *Kean* v. *Dufresne*, 3 Serg. & Rawle, 233. Although as between the parties to the transaction, no recovery can be had upon the original debt, except by the surrender or cancellation of the note. But while such transfer of the note by the payee, will prevent him from recovering upon the original debt so long as the note is in the hands of the third person as holder, still such transfer does not, of itself, operate as payment.

It therefore follows that, so far as respects the $300 note, the plaintiffs have not made any "*payment* * * * in money, goods, land, labor or any thing else whatsoever," and cannot recover for that. The court erred, both in refusing the first, and in giving the last instruction as above set out.

Reversed.