Oakley, J.T
his action was brought to recover of the defendant, Packard, as one of the owners of the ship Russell, the amount of a bill for rigging that vessel. The question whether Packard was interested in the ship at the time the work was done, was fairly left to the jury, and their verdict on that point must be conclusive ; and the more so, as it seems to me to be supported-by the weight of the evidence.
It appears, that after the work was performed, the plaintiff took the note of one of the owners of the ship for the amount, and it was contended at the trial, by the defendant, Packard, that the taking of the note; under the circumstances, was a discharge of the plaintiff’s claims against the other owners. The Judge told the jury, that it was not, unless they should be satisfied, that the plaintiff" had taken it “in fact as payment, and with the intent to “discharge the other owners.” The plaintiff now complains that here was error in this direction.
*549 It might be sufficient to say, that no objection to the Judge’s charge was intimated at the trial. But it appears to me, on further reflection, that the charge was correct.
In Arnold v. Camp. [12 J. R. 411,] the S.C. after reviewing several of the cases on this subject, lay down the rule to be, that if the taking of anotéis “intendedandagreed tobe considered as payment' of a pre-existing demand, the latter is thereby discharged. The direction of the Judge, in the case now' before us, is entirely in conformity with this rule, and indeed goes beyond it, in favor of the plaintiff. The jury were told, that they must find not only that the note in question was taken in fact as payment, but that the plaintiffintended thereby to discharge the other owners. This was certainly equivalent to telling them that they must be satisfied that it was intended and agreed by the .parties, that the note should be considered as payment; and the plaintiff has no right to complain of the charge of the Judge in this respect.

Motion for a new trial denied.

[E. Anthon, Att’y for the plff. Hoffman & Talman, Att'ys for Packard.]