## BENT et al. *v.* LAUVE et al.

The owners of a steamer are bound to pay for supplies furnished to their agents for the use of the boat, and proved to have inured to their benefit.

By the mercantile law part owners of a vessel are liable *in solido* for repairs, and necessary expenses for its use.

The liability of the parties to a contract, made in another State by an agent of the owners of a steamer residing here, for supplies for the use of the boat, the payment for which was to be made here, must be governed, in whatever relates to the construction and the nature and validity of the engagement, by the law of the place where the contract was made. The stipulation as to the place of payment concerns the performance of the contract, which must be according to the law of the place where it is to take place. And where, in such a case, there is no stipulation as to the rate of interest in case of non-performance, the law of the places of payment must govern in allowing interest *ex mora* from judicial demand.

Where a note was payable at a bank, proof that no funds had been placed there to pay the note, either at maturity or since down to the time of trial, will excuse the omission to apply there for payment.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *C. A. Jones*, for the plaintiffs. *Sigur* and *Bonford*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The petition alleges that the defendants, part owners of the steamer Creole, are *in solido* indebted to the plaintiffs in the sum of $315 79, with interest, for this: that the steamer Belle Creole, being at the port of Louisville, in Kentucky, the plaintiffs, at the request of *Dimitry* and *Plaisent*, part owners of the boat, and also officers of the boat and agents of all the owners, furnished certain supplies of that value, upon the delivery and acceptance of which *Dimitry* and *Plaisent*, as officers and agents of the boat, gave a promissory note to the plaintiffs' order, dated at Louisville, and payable in New Orleans, for the amount above stated. The defendants answered by a general denial. The answers to interrogatories prove the ownership of the boat by

the defendants at the time of the contract, and the agency and part owner-
ship of *Dimitry* and *Plaisent*. It is also proved that the supplies were furnished.
There is no express evidence that, at the date of the contract, the boat was
employed in the conveyance of freight and passengers for hire.

As the action of the plaintiffs is not simply upon the note, but upon the con-
tract for supplies, we deem the question, whether *Dimitry* and *Plaisent* were
authorized to bind their co-proprietors in the form of a promissory note, imma-
terial. The supplies to the boat are proved to have been made; having inured
to the benefit of the owners, they must pay for them. Under the evidence
the plaintiffs cannot be considered as having given the credit solely to *Dimitry*
and *Plaisent*, and discharged the other owners. The language of the note repels
this idea. See also *Higgins* v. *Packard*, 2 Hall, 547.

The supplies were furnished to the steamer in Kentucky, in which State, as
is conceded by the defendants' counsel, the mercantile law is in force. If the
liability of the defendants is to be controlled by the law of the place of the
contract, there is no doubt of their liability *in solido*. The rule of the mercan-
tile law is, that part owners are liable *in solido* for repairs and necessary expen-
ses for the vessel. See 3 Kent, 156. Story on Partnership, § 419–456.
Smith's Mercantile Law, 155. *Wright* v. *Hunter*, 1 East. 40.

If, on the other hand, their liability is to be tested by the law of Louisiana,
where the owners live, it is contended by the defendants that they are not liable
*in solido*. They argue that owners of a steamer are, by article 2796 of the
Civil Code, to be treated as commercial partners, if the occupation of the boat
or object of the partnership is the "carrying of personal property for hire."
As the fact of such occupation or object is not shown by the evidence, they say
that the solidary obligation is not established, and that solidarity in such a case
is not to be presumed.

We think the law of Kentucky may be properly applied. It was so express-
ly held in *Ferguson* y. *Flower*, 4 Mart. N. S. 312. That case originated before
the adoption of our present Code. The owners of the steamer are citizens
and residents of Louisiana; and, if the contract for supplies had been made in
this State, the court, under the decision in *Carroll* v. *Waters*, 9 Mart. 500,
would have declared the defendants not liable *in solido*. But as the contract
was made in Kentucky, they applied the law of that State as controlling the
liability. There seems to be much justice in this doctrine. If the owners
of a vessel choose to send, or build, her abroad, and supplies become necessary
for her preservation or proper employment, or for her construction, why should
the foreigner be expected to inform himself of the law of the place of the
owner's domicil? It might be difficult, perhaps impossible, for him to ascertain
at the time the foreign law, and it is reasonable and in accordance with well
settled authority to consider the parties as contemplating, and consequently
bound by, the laws of the place where the supplies are furnished, as the test
of the liability of the owners.

We have not overlooked the fact that, although the contract for the supplies
was made, and the supplies were actually furnished, in Kentucky, New Or-
leans was the placed agreed upon for the payment of the money. But this
stipulation concerned the performance of the contract, and not the construc-
tion, nature and validity of the contract. The rule was settled in *Depau* v.
*Humphreys*, 8 Mart. N. S. 34 (affirming the cases of *Morris* v. *Eves*, 11 Mart.
730, and *Vidal* v. *Thompson*, 11 Mart. 23), "that contracts are governed by

the law of the country in which they were made in every thing which relates to the mode of constructing them, the meaning to be attached to the expressions by which the parties bound themselves, and the nature and validity of the engagement. But that wherever the obligation be contracted, the performance must be according to the law of the place where it is to take place." We therefore conclude that, the liability of the owners is to be held solidary, according to the Kentucky law; but as there was no stipulation as to a rate of interest, in case of non-performance, the judge of the Commercial Court properly took the law of Louisiana as his guide, in allowing interest *ex mora* from judicial demand according to our law. See *Lapice* v. *Smith,* 13 La. Rep. 92.

Lastly, we observe that although the note was made payable at the Bank of Louisiana, the plaintiffs have sufficiently explained the omission to apply there, by proof that no funds had been provided there to pay the note, either at its maturity or at any time down to the trial of the cause. See *Wallace* v. *McConnell,* 13 Johns 136, in which the subject was very elaborately considered, and the authorities there cited.                    *Judgment affirmed.*