KING & DAVIDSON *vs.* LOWRY & JARVIS, impleaded with BROWN.

In an action against several persons, as joint owners of a vessel, for supplies furnished for the vessel, proof by the plaintiffs that the supplies were delivered on board the vessel, that they rendered a bill thereof to B. one of the joint owners, that it was last seen in his possession and that it had been inspected by the other joint owners, is sufficient, after proving service of the usual notice on B. to produce the bill, and his failure to do so, to authorize parol evidence to be given of its contents.

Joint owners of a vessel are primarily liable, at all events for supplies furnished in the port to which she belongs, whether all the owners are in such place or not. *Prima facie* their liability is identical with that of persons in the relation of copartners, as joint contractors.

But if any one of the owners arrogates to himself the control, to the exclusion, and against the wishes, of the others, and this assumption is known to the persons furnishing the supplies, thus showing that they act in collusion with the usurping owner, *it seems* the others are not liable.

The mere acceptance by the creditors, of a note, from one of the owners, is no proof, in itself, that the credit was given exclusively to him. Nor will it release the other owners, in the absence of proof that the note was taken as payment, and with the intent to discharge the other owners.

In an action against L., J. & B. as joint owners of a vessel, for supplies furnished for the vessel, at the request of B., proof by L. and J. that B. at the time the debt was contracted, not only acted in hostility to them and their interests, but took exclusive possession and control of the vessel, undertaking a voyage in express contravention of the wishes of the other owners, and that the plaintiffs knew this, is admissible.

But the mere hostility of B. to the other owners, in relation to the vessel and their interests in it, is not relevant, unless it also appears that he usurped exclusive control over the vessel, and undertook a voyage with her in direct opposition to them, and that the plaintiffs were aware of that fact, and acted collusively with him.

·King *v.* Lowry.

Where a defendant has no separate defense, in an action on a joint contract, a co-defendant, called as a witness, can prove nothing that will not enure to his own benefit, as well as the benefit of his co-defendant; and as to such matters he is therefore interested, and of course incompetent.

APPEAL by the defendants Lowry and Jarvis from a judgment entered upon the report of a referee. The referee found and reported the following facts : that at the time alleged in the complaint, each of the defendants in this cause was a part owner of the steamship Pacific, which was then being fitted out for a voyage to California ; that at the request of the defendant Brown, the plaintiffs sold to the owners of said ship, and delivered on board of the same as supplies or ship stores, for the use of said ship on her said voyage, the articles mentioned in the complaint, of the value of five hundred and twenty-six dollars and fifty-five cents, which sum, together with interest thereon to the date of the report, amounted to the sum of six hundred and twenty-eight dollars and eighty-three cents, the whole of which sum remained due and unpaid to the plaintiffs. For which sum, together with costs, the referee reported in favor of the plaintiffs ; and judgment was entered for that amount, and the defendants appealed.

*J. Graham,* for the appellants. I. The referee erred in admitting parol proof of the contents of the bill. In order to entitle the plaintiffs to affect the defendants Lowry and Jarvis, by the rendition of a bill to Brown, a state of facts should have been established warranting the legal inference that the possession of one was the possession of all ; showing that they were joint owners of the same vessel was not enough. (*Abbott on Shipping,* 107.)

II. The evidence as to the duplicate receipts was improperly received by the referee. Brown was not shown to be the agent or attorney of Lowry and Jarvis ; no joint connection was established between them, beyond the owning of separate interests in the same vessel. Jarvis may have seen these receipts. It is not shown that Lowry saw them. The whole thing was treated as the individual matter of Brown, for it was amalgamated

with matters in which Lowry and Jarvis confessedly had no interest, and his note was given and taken in settlement of all of them.

III. The referee erred in refusing to dismiss the complaint, for the reasons urged on the hearing, viz. (1.) The defendants being joint owners of the steamship Pacific, were not liable as partners, but if liable at all, were liable as tenants in common, and the acts or declarations of any one could not bind all unless previously authorized, or subsequently sanctioned by all of them. (2.) There was not evidence on the part of the plaintiffs, sufficient to show that the defendants Lowry and Jarvis knew of, authorized, or sanctioned the acts, declarations, or conduct of the defendant Brown, in relation to the contracting of the bill sought to be recovered by the plaintiffs. (3.) There was not competent or sufficient evidence to show that the articles alleged to have been furnished to the steamship in question by the plaintiffs, and for which they sought to recover, were necessary, or needed, or intended for the voyage she was to perform. (4.) Upon the pleadings and the testimony it is apparent that the credit was originally given by the plaintiffs to the defendant Brown alone, and that he alone can be considered their debtor. (5.) Under the facts presented, in any aspect of the case, the defendants Jarvis and Lowry are not liable to the plaintiffs. (6.) In law the defendants Lowry and Jarvis were not liable to the plaintiffs.

IV. The referee erred in excluding the questions to the witness for the defendants, Lowry and Jarvis. The object of these questions was to show that in point of fact, Brown was not the agent of, or entitled to represent Lowry and Jarvis, and that he did not act as such or do so; on the contrary, that he acted in direct hostility to them. The plaintiffs' whole case had proceeded and been sustained upon the ground that there was a kind of partnership between all the defendants; even if the facts *prima facie* would have warranted such a conclusion as matter of law, the defendants Lowry and Jarvis were entitled to combat it, and could do so in no other

King *v.* Lowry.

way more effectually than by showing what they offered. (3 *Kent's Com.* 155.)

V. The referee erred in refusing to allow the defendant Lowry to be examined for the defendant Jarvis, and so *vice versa.* At the most there was no joint liability on their part for the whole of the plaintiffs' claim, even though they might have been liable for a part proportioned to their interests separately. *Code,* § 394.)

VI. Unless Brown was shown to be the ship's husband, or in some way the recognized agent of Lowry and Jarvis, the action could not be sustained against the latter upon what Brown said or did; nothing like this was shown. The opposite of it was distintly proved. Lowry ,and Jarvis ordered things for the vessel, which were paid for by them. Unless the action can be sustained upon the idea *that for its purposes,* the several distinct owners of a vessel are liable for the acts of any one of them, the judgment below is entirely without any legal foundation. Although one of several joint owners may have an implied authority from the absent part owners to order for the common concern whatever is necessary for the preservation and proper employment of the ship, the rule does not apply when the owners are all present, as in this case. (3 *Kent's Com.* 155.) Joint ownership is the general relation between ship-owners. Partnership is the exception, and requires to be specially shown. (3 *Kent's Com.* 155.)

*H. H. Stuart,* for the respondents. I. The report of the referee, as to *facts* found by him, is like a verdict by a jury. To warrant the court in setting it aside there must be such a preponderance of evidence as to satisfy the court that there was either an absolute mistake on the part of the referee, or that he acted under the influence of prejudice, passion or corruption. (*Eaton* v. *Benton,* 2 *Hill,* 576. *Esterly* v. *Cole,* 1 *Barb. S. C. R.* 235. *Quackenbush* v. *Ehle,* 5 *id.* 469. *Spencer* v. *U. & S. R. R. Co.,* 5 *id.* 337.)

II. The evidence fully sustains the facts as reported found. (1.) It is charged in the complaint, and not denied in the an-

swer, that the defendants were joint owners of the vessel, and this ownership is admitted on the trial by the defendants' attorney, Mr. Jarvis. (2.) It is proved by Jennings, that the plaintiffs, at Brown's request, sold to the owners of the vessel, and delivered on board the vessel, the articles mentioned in the complaint. The same is also proved by Arthur J. Brown. The only other witness sworn was Mr. Jarvis, and he does not attempt to contradict the evidence of Jennings and Brown. (3.) These articles are proved to have been necessary stores for the vessel on her voyage. (4.) The plaintiffs show that they have not been paid, and produce the note taken on liquidation of the account.

III. A part owner of a vessel has power to bind his co-owners, for necessaries furnished to the vessel. (*Abbott on Shipping*, 6th *Am. ed.* 130. *Schermerhorn* v. *Loines*, 7 *John.* 311. *Muldon* v. *Whitlock*, 1 *Cowen*, 290. 3 *Kent's Com.* 156. *Collyer on Partnership*, 3d *Am. ed.* §§ 1255, 1256.) (1.) The fact that the seller knows of no owner except the one ordering the things furnished to the vessel, does not affect his right to resort to the other owners when discovered. (1 *Cowen*, 290, *cited above.*) (2.) Taking the promissory note of the particular owner who makes the purchase, and giving a receipt in full, does not preclude a resort to the other owners, in case the note is not paid, unless it is expressly agreed to take such note in discharge of the other owners. (7 *John.* 311. *Coll. on Part.* 1255, 1256, *cited above.*)

IV. The bill rendered by the plaintiff shows that the credit originally was not given to Brown, but to the *owners* of the vessel. This bill is shown to have been received by all the defendants. Lowry or Jarvis do not show that they have assumed, in their dealings with Brown, that he bought and paid for these stores individually, and have settled their accounts with him on that basis ; nor do they show any reason why the other owners of this vessel should not pay the plaintiff in case Brown failed to pay.

V. There is no evidence that Brown has paid the claim. The reply denies the allegation in the answer. It avers that the

King *v.* Lowry.

whole claim for which Brown's note was taken remains unpaid, and offers to produce the note in court. The note is produced on the trial, and nothing appears to have been paid on it. If, in fact, any such payment had been made, the defendants would have attempted to prove it, even by calling the plaintiffs as witnesses.

VI. The offer to prove Brown's declaration was properly excluded. (1.) It was an offer by the defendants to prove their own declarations, made when the plaintiffs were not present. (2.) Disputes occurring between part owners of a vessel as to their individual rights, do not affect third persons not cognizant of such disputes, who furnish necessaries to the vessel.

VII. The offer of the defendants to become witnesses for each other was properly excluded. They were sued as *joint* contractors, and were *jointly* interested, and *jointly* liable. The code gives them no right in such cases to testify for each other. (*Code, sec.* 397. *Beal* v. *Finch,* 1 *Kernan,* 128. 4 *Comst.* 547.)

*By the Court,* CLERKE, J. This was an action against the defendants, as joint owners of a vessel, for supplies furnished for a voyage from New York to San Francisco. Judgment was recovered by default against Brown; the other defendants contending that the credit was exclusively given to him, while he had the control of the vessel; that the supplies were not necessary, and were furnished not only without their concurrence, but in direct opposition to their wishes, and while Brown was acting in open hostility to Lowry & Jarvis, in relation to the management of the vessel.

The plaintiffs offered in evidence parol evidence of the contents of a bill of the articles furnished, which had been rendered about the time of their delivery to Brown; having proved the usual preliminary notice to entitle them to the benefit of secondary evidence. This was objected to by the counsel of Lowry & Jarvis, on the ground " that a state of facts should have been first established warranting the legal inference that the possession of one was the possession of all; showing that they were joint owners of the same vessel was not enough." But if the joint

owners are jointly liable, and if the proof was introduced for the purpose of showing that the credit was given to the ship, it was sufficient to show the delivery of the bill to any one of the defendants, and its possession by him. It surely was not requisite to deliver it to all; and the mere circumstance that Brown was at variance with the other defendants, although it affected the relations between themselves, should not operate to the prejudice of the plaintiffs, unless it was shown that they acted in collusion with him, or that they gave him credit exclusively, expressly discharging the others. But this evidence was offered for the express purpose of proving the contrary to this, that the credit was given to the vessel, and not individually to Brown. It may, indeed, be the interest of the latter to withhold the bill, and endeavor to throw the payment of a portion of this demand on Lowry & Jarvis; but this is their misfortune, a mishap to which all persons engaging in business with others are often liable, but with which third parties have nothing to do. The plaintiffs proved that the supplies were delivered on board the Pacific, that they rendered a bill to Brown, that it was last seen in his possession, and that it had been inspected by the other defendants. Having proved that the usual notice was served on Brown to produce the bill, and Brown failing to produce it, I think it was proper to allow the plaintiffs to give parol evidence of its contents. The same remark will apply to the evidence relative to the duplicate receipts.

The referee having found the facts, that the defendants were joint owners, that the supplies were necessaries furnished to the Pacific, and that the credit was not given exclusively to Brown, in discharge of the others, the only questions remaining for us to consider are,

1. Can the acts and declarations of one joint owner, in relation to supplies furnished bind the others, unless expressly authorized or sanctioned by them?

2. Did the referee err in not allowing Lowry & Jarvis to show that during the months of February and March, 1851, Brown acted in hostility to them, in relation to the vessel and their interests in it?

King *v.* Lowry.

3. Did he err in excluding the testimony of the defendant Jarvis?

In relation to the first question, it is well settled that joint owners of a vessel are primarily liable, at all events for supplies furnished in the port to which she belongs, whether the owners are in such place or not; that *prima facie* their liability is identical with that of persons in the relation of copartners, as joint contractors; but if any one of the owners arrogates the control, to the exclusion and against the wishes of the others, and not merely as husband of the vessel, and this assumption is known to the persons furnishing the supplies, thus showing that they act in collusion with the usurping owner, then I should say the others are not liable.

In this case, there is no proof of any exclusive control on the part of Brown, or any such collusiveness on the part of the plaintiffs. The mere acceptance on their part of a note is no proof, in itself, that the credit was given exclusively to Brown, or that it releases the other defendants, in the absence of proof that the note was taken as payment, and with the intent to discharge the other owners. *Schermerhorn* v. *Loines,* (7 *John.* 311;) *Muldon* v. *Whitlock,* (1 *Cowen,* 290,) and *Higgins* v. *Packard,* (2 *Hall,* 547,) are conclusive on this point, and have never been questioned.

2. Did the referee err in not allowing Lowry & Jarvis to show that during the months of February and March, 1851, Brown acted in hostility to them, in relation to the vessel and their interests in it?

The mere hostility of Brown to the others, in relation to the vessel and their interest in it, could not be relevant, unless they also showed that he usurped exclusive control over the vessel, and undertook a voyage with her in direct opposition to them, and that the plaintiffs were aware of this, and acted collusively with him. Nothing of this kind was attempted. On the contrary, the very witness by whom they offered to show the hostility of Brown, testified that Lowry & Jarvis ordered other ship stores, from other parties, for that voyage, showing that this voyage was with their knowledge and consent. If indeed they

King *v.* Lowry.

offered to show that Brown not only acted in hostility towards them, but took exclusive possession and control of the vessel, undertaking a voyage in express contravention of the wishes of the other owners, and that the plaintiffs knew this, such testimony, in my opinion, would have been admissible.

3. Did the referee err in not allowing the defendant Jarvis to be examined as a witness for the defendant Lowry ?

The offer was made without qualification, except that the testimony of Jarvis should not be used for himself. This is not enough ; he could only be examined as to any matter in which he was not jointly interested or liable with the other defendant. He could have shown, for instance that Lowry was not a joint owner at all, and if the offer was limited to this, Jarvis ought to have been examined ; but not if the object was to negative the liability of the owners of the vessel, whoever they were, or to reduce the amount of the claim ; or to show that the credit was given exclusively to Brown ; for in all such questions he was jointly interested with Lowry, and in relation to them a separate judgment could not be rendered. Where a defendant has no separate defense in an action on a joint contract, a co-defendant called as a witness could prove nothing that would not enure to his own benefit, as well as to the benefit of his co-defendant ; and as to such matters he is, therefore, interested, and of course incompetent. (*Beal* v. *Finch,* 1 *Kernan,* 132, *Judge Parker's opinion.*) Jarvis & Lowry, if liable at all, are liable as joint contractors with Brown.

On the whole I see nothing to warrant us in disturbing the finding of the referee.

Judgment affirmed, with costs.

[New York General Term, September 3, 1855. *Mitchell, Clerke* and *Cowles,* Justices.]